Moore *v.* City of Memphis *et al.*

(*Nashville,* December Term, 1945.)

Opinion filed June 29, 1946.

T. B. Passmore, of Memphis, for appellant.

James J. Pleasants, Jr., K. C. Larkey, and T. L. Campbell, all of Memphis, for appellee.

Mr. Special Justice Paul Campbell delivered the opinion of the Court.*

This case is here on appeal from the action of the chancellor in sustaining the demurrers to the bill of complaint.

The only assignment of error is that: ''The Chancellor erred in sustaining demurrers filed to the bill and dismissing it, and in not over-ruling said demurrers and allowing the cause to proceed to trial upon the facts and law of the case.''

█ This assignment does not comply ·with Rule 14 of this Court, 173 Tenn. 873, since no specific error is pointed out, the assignment being a general one. This failure to comply with the Rules of this Court would alone justify dismissing the appeal.

In substance the bill charges that the complainant, a resident of the State of Mississippi, bought in 1920 a lot in Shelby County, Tennessee, which lot at that time lay outside the boundaries of the City of Memphis; that each year, after the acquisition of said lot, she paid to the trustee of Shelby County the state and county taxes on said lot; that at some time unknown to her, the city limits of Memphis were extended to include said lot within the city limits of Memphis; that she had no notice of such inclusion or that she owed the City of Memphis any taxes until after her property had been sold for taxes by the City of Memphis, and after the period for redemption had expired, nor until the trustee of Shelby County had refused to accept payment by her of 1945 state and county taxes on said lot; that under proceedings not here quesioned the property was sold for taxes, at public sale, on

---

*CSitting for Mr. Justice Chambliss.

March 4, 1942, and bought in by the City of Memphis for the amount of the taxes; that thereafter, in due course, defendants' sale of complainant's property was confirmed by the Court; that complainant had no notice at any time that she owed the City of Memphis any taxes, and had no actual notice of said tax suit and sale until after the redemption period had expired; that thereafter the City of Memphis resold the property to the defendants, George F. and Lucile McClure, for an amount in excess of the taxes on said lot; that complainant's address was known to the office of the county trustee and that the City of Memphis, by its agent, in preparing and prosecuting said tax suit conferred with the trustee's office for ascertainment of taxes due by the complainant for State and County taxes, and that the City of Memphis had actual or constructive knowledge of complainant's address.

The theory of complainant's action is that the City of Memphis was under a duty, at some time after said property came into the City of Memphis and was taxable by it, to give at least one actual notice to complainant of the accrual of city taxes on said property, and, not having done so, was under a duty to give actual notice to the complainant of the action, inasmuch as in complainant's view service of process by publication in the Daily News of Memphis was not constructive notice, to complainant of the pendency of said action. Complainant sues to have said sale rescinded and the property returned to her, or, in the alternative, to recover the amount received by the City of Memphis for said lot in excess of the amount paid by it for said lot.

(2) There is no averment in the bill that the land was not liable to sale for taxes or that the taxes for which the land was sold had been paid before the sale. Under Section 1609, Williams' Code of Tennessee, it is provided

in substance that a tax deed of conveyance shall be an assurance of perfect title to the purchaser of said land, and that no such conveyance shall be invalidated in any court except by proof that the land was not liable to sale for taxes, or that the taxes thereon had been paid before the sale, or unless the amount of the taxes was paid or tendered to the Treasurer of the City of Memphis, upon whom, by legislative enactment, are imposed the duties of the trustee insofar as they relate to city taxes. There is no averment that there was any tender to the collecting official before the sale. It would seem, therefore, that under this Section 1609 the complainant cannot question the validity of this sale, nor recover the land sold under the sale.

The theory under which the suit is brought is that there was a duty on the City of Memphis to give notice to the complainant of the accrual of city taxes on the property. The complainant cites no authority to sustain this contention and we have been unable to find any. The complainant was chargeable with notice of the legislative Act under which the boundaries of the City of Memphis were extended so as to include her lot. The law imposes no duty on the City of Memphis to give notice of the accrual of taxes. There is no question raised as to the procedure leading up to and including the sale of the land for taxes, and in the absence of such allegations the sale will be presumed to have been conducted in due course and in a legal manner. There is no question raised as to the giving of notice by publication, other than that publication of notice of the suit in the Daily News of Memphis was not constructive notice to complainant of the pendency of such action. It is stated in complainant's brief that the Daily News has circulation only among business and professional persons in Mem-

phis and environs. Such a paper has been held to be a newspaper, *Pope* v. *Craft*, 1 Tenn. App. 356. Service for non-residents by publication in a newspaper is authorized by the laws of Tennessee, Code Sec. 10431. Such publication is constructive notice, *Obion County, for Use and Benefit of North Fork Drainage Dist. No. 2* v. *Massengill*, 177 Tenn. 477, 151 S. W. (2d) 156; *Esch* v. *Wilcox*, 181 Tenn. 165, 178 S. W. (2d) 770; *Collins* v. *Oliver*, 24 Tenn. App. 337, 144 S. W. (2d) 9, 11. Complainant's claim is that she was entitled to have actual notice of the accrual of city taxes. As stated, the law imposes no such obligation upon the city.

The complainant cites the case of *West* v. *Jackson* (Tenn. App.), 186 S. W. (2d) 915, as authority for her contention that actual notice be given to the owner where the address of the owner is known or available to the taxing authority before foreclosure. That case is not authority for complainant's contention. It holds that although a tax sale is a proceeding *in rem*, the defendant must be before the Court by actual or constructive service of process and that notice is essential. The complainant does not deny, but, on the other hand, impliedly states that constructive notice was had by publication in the Daily News, a newspaper published in the City of Memphis.

With regard to complainant's claim for the excess amount received by the City of Memphis from the sale of said lot over and above the amount paid by the City of Memphis, complainant cites no authority to sustain her contention. A reading of the Acts affecting land sales for taxes discloses no obligation upon the city in this connection different from the obligation of any other purchaser at a tax sale. Title to said property was, for all

purposes, given to the City of Memphis by said sale and the expiration of the period of redemption, and thereafter the City of Memphis owned said property as would any other owner. It did not hold said property as a trustee for the complainant, but was entitled to sell said lot as required by law at its reasonable market value, Williams' Code (Supplement), Section 1592.3. The laws with regard to such sales make no provision for payment of any part of the sale price to the complainant.

Undoubtedly this is a case of hardship and the complainant is in an unfortunate position. However, for the collecting official to give personal and actual notice to taxpayers would impose a tremendous burden upon that office. It would be much easier, simpler and the part of ordinary business prudence for non-resident owners of property to keep in touch with developments where their property is located, or to avail themselves of the services of those who keep up with the trend of local events.

The action of the Chancellor in sustaining the demurrers is affirmed. The appeal will be dismissed at appellant's cost.