WYNN *v.* DICKEY.

REED *v.* DICKEY.

(*Jackson*, April Term, 1948.)

Opinion filed June 12, 1948.

Rehearing denied July 17, 1948.

(1)

W. R. LANDRUM, of Trenton, for complainants.

TAYLOR, ADAMS & FREEMAN, of Trenton, for defendants.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Although not technically consolidated below, these two cases were argued together before us, and it is agreed that they present identical questions of law and may be decided by a single opinion.

Both these bills were filed in the Chancery Court of Gibson County, to set aside deeds from the State as clouds on the title of complainants. Neither the State nor any public officer is a party to the litigation. The State acquired the two properties by purchase at sales for delinquent taxes and then resold the properties to the defendant, H. M. Dickey. After the bills were filed, the defendant met them with identical motions to dismiss on the following grounds:

1. There is no equity on the face of the bill entitling the complainants to any of the relief sought.

2. It does not appear from the face of the bill that the land described therein and sold for delinquent taxes is not liable for sale for delinquent taxes or that the delinquent taxes on the land described in the bill was paid before the sale.

3. It affirmatively appears from the face of the bill that the amount bid for the land described in the bill at the time it was sold for delinquent taxes was neither paid

by the complainants or tendered, either to the purchaser thereof at the sale or to this defendant, who acquired title from the State of Tennessee, as provided by Statute.

4. It affirmatively appears from the bill that the sale of the lands described therein for delinquent taxes was had more than three years prior to the filing of this suit.

5. Under the allegations and averments of the bill, complainants are entitled to none of the relief sought in the prayer thereof.

Then the two complainants moved to amend their original bills and to be allowed to tender "the amount of the taxes, interest and penalties to defendant, as required by statute."

Upon the hearing before the Honorable LYLE CHERRY, sitting by interchange, the motion to amend was allowed and the bills as amended were dismissed on the motion of the defendant. The complainants have appealed.

From the bill filed by Laura Reed it appears that she claims title to her lot under warranty deed from the Dyer Lumber & Supply Company, dated November 2, 1939, but that on January 2, 1939, ten months before the date of the deed, sale of the property to the State for delinquent taxes had been confirmed by appropriate decree. As stated, the State is not a party to the present suit and there is no valid attack made on the decree of confirmation in the bill.

From the bill filed by John Wynn, it appears that he claims under a warranty deed from the Dyer Lumber & Supply Company dated April 21, 1931; that he admits that at the time he received this deed, State taxes on the property for the years 1924, 1928 and 1929 were delinquent and unpaid; that by appropriate decree sale of the property for these delinquent taxes was confirmed to

the State on January 2, 1939. Since the State is not a party, no valid attack is or could be made on the decree vesting title in the State.

The defendant, H. M. Dickey, acquired both the Laura Reed and John Wynn properties by a quitclaim deed from the State dated November 24, 1945. At the date of this quitclaim deed and its delivery to the defendant, the 3-year equity of redemption on the Laura Reed and John Wynn properties had long expired.

With the record in this plight and the decrees confirming the title in the State unassailed and intervening, it is quite clear that the complainants have not established a right in themselves to attack the defendant's quitclaim deed from the State, nor to have it singled out and set aside.

■ The complainants lost their rights when the sale to the State was confirmed by the decree on January 2, 1939, and when they permitted three years to elapse without taking steps to protect their title. John Wynn's bill was not filed until May 27, 1946, and Laura Reed's until May 28, 1946. "No suit shall be commenced in any court of the state to invalidate any tax title of land after three years from time said land was sold for taxes, except in case of persons under disability, who shall have one year in which to bring suit after such disability is removed." Code sec. 1610.

The complainants undertake an attack of the tax sale to the State on the ground of laches. Since the State is not a party, we cannot see how laches of the State could affect the rights of the defendant Dickey.

■ ■ There is no allegation in either bill to connect the defendant Dickey with that laches of the State, and under the pleadings as they are before us, question of the

State's laches is irrelevant. However, it is well to say that this Court takes judicial notice of the several Acts of the Legislature between the date of the delinquency of 1929 taxes and the decree of January 1939, which as "moratoria" delayed prosecution of tax suits and forbade tax sales. Among these Acts of the Legislature were Chapter 9, Public Acts of 1931, Chapter 38, Public Acts of 1935, and Chapter 101, Public Acts of 1937.

Finally, even as amended, the bills in these two cases were fatally defective since they wholly fail to deny, and indeed admitted, that taxes were delinquent and untendered, at the time the properties involved were sold for delinquent taxes. "A tax deed of conveyance shall be an assurance of perfect title to the purchaser of said land, and, no such conveyance shall be invalidated in any court, except by proof that the land was not liable to sale for taxes or that the taxes for which the land was sold have been paid *before said sale*; . . . , and no other objection either in form or substance to the sale or the title thereunder shall avail in any controversy involving them." Code sec. 1609. (Italics ours.) *Esch* v. *Wilcox,* 181 Tenn., 165, 171, 178 S. W. (2d) 770; *Moore* v. *City of Memphis et al.,* 184 Tenn. 92, 195 S. W. (2d) 623; *Hardin* v. *Sherrod, Gibson Equity,* GAILOR, J., handed down May 31, 1947.*

For the reasons stated and under the authorities cited, the assignments of error are overruled and the decrees affirmed at the cost of the Appellants.

All concur.

---

*Not designated for publication.

## On Petition to Rehear.

 The petition to rehear filed in this cause is denied, (1) because at the time of the sale by the State to Dickey, the complainants Wynn and Reed had no such title to the property as was necessary to justify an attack by them upon the conveyance by the State to Dickey; (2) because having no title to the property the complainants were not prejudiced by the conveyance, and therefore, will not be heard in attack upon it on appeal. *Harmon* v. *Harmon*, 141 Tenn., 64, 67, 206 S. W. 333, and cases there cited; (3) because the State is a necessary party to permit the Chancery Court to grant the relief sought and the State is not before the Court as a party defendant or otherwise.

Petition denied. All concur.