E. W. NAYLOR and HAROLD MOORE, Appellants,

*v.*

ISAAC EDWARD BILLINGTON and LILLIAN A. BILLINGTON, Appellees.

378 S. W. 2d 737

(*Jackson,* April Term, 1964.)

Opinion filed May 8, 1964.

VAN DYKE & DUNLAP, Paris, for appellants.

AARON C. BROWN, Paris, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The appellants, E. W. Naylor and Harold Moore, filed the original bill in this cause seeking to have declared void a deed from Henry County, Tennessee, to the appellee. The property described in this deed had been bought in by the County at a tax sale. The appellees demurred to the bill. The Chancellor sustained this demurrer. Appellants have perfected their appeal to this Court.

The original bill alleges that the appellants are the owners in fee of a certain described parcel of land in the Eleventh Civil District of Henry County, Tennessee, having acquired said property by deed from Lakeview Manor, Inc., dated January 31, 1955, that appellants are residents of Davidson County, Tennessee, that, when appellants did not receive a statement for taxes on properties owned in Henry County, the appellant Naylor made inquiry as to the amount of taxes due on his property in Henry County and paid what he thought was the full amount of taxes owed on any property in which he had an interest in Henry County. The bill further alleges that the first knowledge the appellant Naylor had that he had not paid all such taxes was when he received a letter

dated November 21, 1962 from an attorney advising him that the appellees had recently purchased a house and lot formerly owned by appellants from Henry County, which property had been sold to Henry County for delinquent taxes. This letter requested appellants to remove their furnishings from this property in order that appellees might take possession of same.

The bill further alleges that an investigation was then made and it was discovered this particular lot had been assessed for taxes in the name of Naylor and Moore and that, when the appellant Naylor had sought to ascertain and pay all taxes owed on properties in which he had an interest in Henry County, the taxes on this lot were not included. The appellants tendered the amount alleged to have been stated by the Clerk and Master to be the amount due in February 1963 for 1957, 1958 and 1959 taxes. The bill further alleges that taxes on this property for later years have been paid in the office of the Trustee of Henry County.

The bill then alleges that on March 14, 1959 a bill was filed in the Chancery Court of Henry County to enforce the collection of taxes for the year 1957 on certain properties in Henry County, Tennessee, including the subject property, that the bill in this tax suit alleged that Naylor and Moore were the owners of the subject property, that, although appellants were residents of Davidson County, Tennessee, subpoena to answer was issued to the Sheriff of Henry County, Tennessee, that the Sheriff of Henry County did not execute this process and did not make due return thereof according to law. In this connection the bill states "Complainants allege that even though the sheriff made no return and even though there was no compliance with the provisions of Section 21-212, Ten-

nessee Code Annotated,'' yet, a decree was entered October 12, 1959 ordering that publication be made as to appellants and nonresident defendants, that on May 17, 1960 the subject property was sold to Henry County and the sale was confirmed on October 16, 1960. The bill and exhibit thereto further state that by deed dated November 7, 1962, Henry County conveyed this property to the appellees for the sum of $240.00. This deed was recorded January 15, 1963.

The bill further alleges that, although a proceeding to enforce the collection of ad valorem taxes on real estate is a proceeding *in rem*, T.C.A. sec. 67-2012 provides that such suit shall be prosecuted according to the rules of procedure of courts of chancery. Appellants allege they had no notice of this proceeding, there was no personal service of process upon them, nor was there any compliance with the statutes pertaining to dispensing with personal service. Appellants allege that for this reason the decree of the Court vesting title in Henry County is void and that, therefore, the deed from Henry County to the appellees is void and is a cloud on appellants' title and should be removed as such.

In short, the bill alleges that in the tax case the property owner was before the Court only by publication, and not by personal service, that the ground for publication was that the Sheriff had made a not to be found return, when in fact the record in the tax case shows the Sheriff had made no return at all of the leading process issued in that case for the property owner.

These averments of the bill present the question of whether or not the decree confirming the tax sale is void because jurisdiction over the defendant was acquired

by publication based upon a not to be found return of the Sheriff, when the record shows no such return had in fact been made.

The procedure to be followed for the enforcement of tax liens is set forth in T.C.A. sec. 67-2001 et seq. By T.C.A. sec. 67-2012, it is provided that all such suits, whether brought in the Chancery Court or Circuit Court, shall be prosecuted according to the rules of procedure for courts of chancery. T.C.A. sec. 21-212 provides:

"Personal service of process on the defendant in the court of chancery, is dispensed with in the following cases:

"(1) When the defendant is a non-resident of this state.

"(2) When, upon inquiry at his usual place of abode, he cannot be found, so as to be served with process, and there is just ground to believe that he is gone beyond the limits of the state.

"(3) When the sheriff shall make return upon any leading process, that he is not to be found."

The statute provides for four additional grounds for process by publication which are not relevant to this case. This Code Section then provides:

"To dispense with process in either of the above cases, the facts shall be stated under oath in the bill, or by separate affidavit, *or appear by the return.*" (Emphasis supplied)

In *Bradley v. Rock Gardens Utility Dist.*, 186 Tenn. 665, 212 S.W.2d 567, the Court, speaking through the present Chief Justice, reviewed the history of the last

above quoted statute and, at 670 of 186 Tenn., at 659 of 212 S.W.2d, stated.

"Originally, courts of chancery acted only in *personam*. Instance after instance arose where it was seen necessary that in order to do complete justice this rule should be relaxed. As a result the legislature passed the statute last above quoted. Various clauses in this statute were enacted at different times as necessity would become evident. The last to be added was subdivision (7) above quoted which was added in 1915. This right being statutory it must be strictly construed."

In *Davis v. Reaves*, 75 Tenn. 585, in holding void a sale of land had in a chancery proceeding, the Court, at 589 of 75 Tenn., stated:

"Personal service in cases in chancery is dispensed with, and among other cases, 'when the sheriff shall make return upon any leading process that the defendant is not to be found.' This is as to residents of the county. Publication is required to be published 'four successive weeks' in the newspaper mentioned in his order of publication, or designated by the general rules of the court. This proceeding being statutory, the statute alone regulates it, and must be pursued, or else it is done without authority and ineffective. *The return of the sheriff, not to be found, is the legal prerequisite to such a publication in a case like this.* No order of publication could be legally made, or publication had, until this return is made officially, as the basis of the action of the master." (Emphasis supplied)

At 592 of 75 Tenn., the Court further stated:

"We therefore hold, that the recital in the decree is conclusively and clearly contradicted by the record, and it is shown to have been impossible that publication for four successive weeks could have been had after the return 'not to be found,' because this return was endorsed on the 30th of October, 1865, and the decree reciting this publication made on the 15th of November, 1865. The sale of this land, then, is void as to complainants, and must be so held."

In *Bleidorn v. Pilot Mountain C. & M. Co.,* 89 Tenn. 166, 15 S.W. 737, the Court held that no jurisdiction was acquired by publication when the ground for publication was not supported by facts stated under oath in the bill or by separate affidavit. In so holding, the Court, at 179 of 89 Tenn., at 739 of 15 S.W. stated:

"The plainest instincts of natural justice require that parties proceeded against in courts of equity or law shall have an opportunity to be heard. Personal service of process can be dispensed with only in the few cases embraced by the statute; and when a decree is relied upon as concluding the rights of litigants who were not personally served, and who made no appearance, it must clearly appear that the statute has been complied with. *Ferriss v. Lewis,* 2 Tenn. Ch. 291-295."

Proceedings to enforce a tax lien are proceedings *in rem.* T.C.A. sec. 67-2003 provides, in part:

"The bill shall be in substance and form as other bills of complaint for the enforcement of liens".

In *State ex rel. v. Collier,* 160 Tenn. 403, 23 S.W.2d 897, this Court, at 437 of 160 Tenn., held that the jurisdiction acquired by the seizure of the property is, not to pass upon the question of forfeiture absolutely, but to

pass upon that question after an opportunity has been afforded to its owner to appear and be heard upon the charges. The Court, in the Collier case, at 437 and 438 of 160 Tenn., at 908 of 23 S.W.2d, stated:

"Our tax laws appear to be based on the views of the Supreme Court of the United States just quoted. The notification or monition provided by chapter 115, sec. 2, of the Acts of 1921, is that 'said suit shall be conducted in accordance with the practice in Courts of Chancery in this State.' That is, a summons shall issue as to those named as defendants or publication shall be made for them, as the circumstances indicate."

While the Collier case was before the Court under the provisions of Chapter 115 of the Acts of 1921, the provision in that Act that "[s]aid suit shall be conducted in accordance with the practice in Courts of Chancery in this State" is in substance the same as the provision of T.C.A. sec. 67-2012 that "[a]ll such suits whether brought in the chancery court or circuit court shall be prosecuted according to the rules of procedure of courts of chancery."

Since, as stated in *Davis v. Reaves,* supra, the return of the Sheriff, not to be found, is a legal prerequisite to a publication upon that ground and without such return any decree rendered by the Chancery Court is void as to such party, it results that under the averments of the bill filed in this case the Chancery Court was without jurisdiction to render the decree confirming the sale of this property to the county of Henry. We, therefore, conclude that the decision of this case is controlled by the decision of the Court in *Tennessee Marble & Brick Co. v. Young,* 179 Tenn. 116, 163 S.W.2d 71, and the

opinion of the Court of Appeals in *West v. Jackson*, 28 Tenn.App. 102, 186 S.W.2d 915, in which certiorari was denied by this Court.

In the West case, there was no actual or constructive service of process upon the property owner in a suit brought to enforce a tax lien upon his property. In that case the property had been sold to the State at the tax sale and a decree confirming this sale had been entered. Later, after the period of redemption had expired, Jackson bought the property from the State and a deed was executed to him and his wife by the Commissioner of Finance & Taxation, approved by the Governor and the Attorney General. After this deed was recorded, West filed suit against Jackson and wife to have the deed from the State to them declared void and removed as a cloud on his title. In sustaining the complainant's bill in the West case, the Court of Appeals at 106 and 107 of 28 Tenn.App., stated:

"It is evident that although a proceeding in rem the procedure is the same as in any other Chancery cause— the defendant must be before the court by actual or constructive service of process. If this is not done, there would be a mere confiscation of property." 106 of 28 Tenn.App., 917 of 186 S.W.2d.

"The present case is wholly different from those relied upon by appellants, viz. *Obion County v. Massengill*, 177 Tenn. 477, 482, 151 S.W.2d 156; *Esch v. Wilcox*, Tenn.Sup., [181 Tenn. 165] 178 S.W.2d 770; and *Collins v. Oliver*, 24 Tenn.App. 337, 144 S.W.2d 9, where the taxpayer was before the court by actual or constructive service of process. The present case is controlled by the opinion in *Tennessee Marble & Brick*

*Co. v. Young,* 179 Tenn. 116, 163 S.W.2d 71, 75, wherein it is said: 'A decree may be assailed because of invalidity at any time. A void decree is in the same plight as though it never existed.' "

"Where the court has jurisdiction over the subject matter by actual or constructive notice to the taxpayer, then all questions must be settled in that cause (Code, Sec. 1609 (now T.C.A. 67-2023)), but notice is essential. Code Sec. 1591 (now T.C.A. 67-2012), supra. If no notice the decree is void, and the three year Statute of Limitation (Code, Sec. 1610 (now T.C.A. 67-2025)) does not apply to a void decree. *Tennessee Marble & Brick Co. v. Young,* supra."

In *Lawrence County, Tenn. v. White,* 200 Tenn. 1, 288 S.W.2d 735, this Court, in sustaining a bill to declare void a deed executed to a purchaser at a tax sale, cited with approval *West v. Jackson,* supra, stating, at page 11 of 200 Tenn., at page 739 of 288 S.W.2d:

"If we are right in this premise clearly the judgment under which the deed to the appellant was made was void and if this be true then anything based on this void judgment would likewise be of no effect when properly brought to the attention of the Court. Thus such a decree may be assailed at any time and it is in the same plight as though it never existed."

In addition to the cases mentioned in the above quotation from *West v. Jackson,* supra, the appellee relies upon *Moore v. City of Memphis,* 184 Tenn. 92, 195 S.W. 2d 623. In the Moore case, at page 96 of 184 Tenn., at page 625 of 195 S.W.2d the Court stated:

"There is no question raised as to the procedure leading up to and including the sale of land for taxes, and

in the absence of such allegations the sale will be presumed to have been conducted in due course and in a legal manner.''

In that case, in referring to *West v. Jackson,* supra, the Court stated:

''It holds that although a tax sale is a proceeding *in rem,* the defendant must be before the Court by actual or constructive service of process and that notice is essential.'' 184 Tenn. 97, 195 S.W.2d 625.

In the Moore case, the property owner was a resident of Mississippi, there was no contention that the nonresident publication made for the taxpayer in the tax case was not supported by proper averments of a sworn bill or affidavit filed in the cause. The Moore case is wholly different from the case now before the Court.

The appellee also relies upon *Wynn v. Dickey,* 187 Tenn. 1, 212 S.W.2d 671. In that case, at pages 5 and 6 of 187 Tenn., at pages 673, of 212 S.W.2d the Court stated:

''The complainants undertake an attack of the tax sale to the State on the ground of laches. Since the State is not a party, we cannot see how laches of the State could affect the rights of the defendant Dickey.

''There is no allegation in either bill to connect the defendant Dickey with that laches of the State, and under the pleadings as they are before us, question of the State's laches is irrelevant. However, it is well to say that this Court takes judicial notice of the several Acts of the Legislature between the date of the delinquency of 1929 taxpayers and the decree of Jan-

uary 1939, which as 'moratoria' delayed prosecution of tax suits and forbade tax sales."

In the Dickey case, there is no suggestion that the Court entering the decree confirming the tax sale was without jurisdiction because of a failure to comply with the statutes relating to service of process by publication. That case is not authority for the decision of the present case.

■ Since, under the averments of the bill in this case, the tax sale was void, T.C.A. sec. 67-2023 is not applicable. As stated in *Tennessee Marble & Brick Co. v. Young,* supra, "This statute presupposes a valid vestiture of title in the purchaser at the tax sale." 124 of 179 Tenn., 75 of 163 S.W.2d.

For the reasons stated, the decree of the Chancery Court sustaining the demurrer to the bill is reversed and the cause is remanded for further proceedings. The costs of the appeal are adjudged against the appellees. The costs in the Chancery Court will abide the determination of the cause in that Court.