Hugh WATSON, et al.,
Plaintiff-Appellant,

v.

Margaret B. WATERS,
Defendant-Appellee.

Court of Appeals of Tennessee,
Eastern Section.

Sept. 28, 1984.

Permission to Appeal Denied by
Supreme Court Jan. 22, 1985.

David B. Maxwell, Sevierville, for appellant Hobert Trentham.

Richard W. Lykens, Sevierville, for appellant N. Hugh Watson.

Margaret B. Waters, pro se, appellee.

OPINION

SANDERS, Judge.

The Plaintiff has appealed from a decree of the chancery court upholding the validity of a tax deed challenged by the Plaintiff.

The Plaintiff-Appellant, Hugh Watson, acquired the property here in dispute in 1971. It is located in the Town of Gatlinburg, 11th Civil District of Sevier County, and is approximately 115 × 130 feet and is improved with a commercial building on it. In 1976 he leased the property to Hobert Trentham. As pertinent here, the lease provided the lessee was required to pay the city and county taxes on the property. Mr. Trentham failed to pay the county taxes for the year 1977 and on February 23, 1980, the property was sold to the Defendant-Appellee, Margaret B. Waters, for delinquent taxes. The property was not redeemed and in March, 1982, a tax deed was given to the Defendant for the property. Soon after the deed was given to the Defendant she made demand on the tenant of the premises for rents, which resulted in the Plaintiff's learning for the first time that there had been a sale of the property.

The Plaintiff filed suit in the chancery court to have the deed to Defendant set aside and voided as a cloud on the title. He alleged he had no notice of the sale of the property, either actual or constructive. He

alleged that no process had been served on him and the sale was void. He also tendered into court funds to reimburse the Defendant for her expenses and interest.

Upon the trial of the case the chancellor found the issues in favor of the Defendant. He upheld the validity of the tax deed and dismissed the Plaintiff's complaint.

The Plaintiff has appealed and presented several issues for review. However, the two issues which are controlling are (1) The chancellor erred in finding the Plaintiff had been served with process and (2) The chancellor erred in holding the description of the property in the notice of sale was sufficient to meet the requirements of the statute. Our review of the record reveals the Appellant is correct on both issues.

The facts relating to these two issues are not in dispute. The deed to the Plaintiff was made to Hugh Watson and wife, Jeanette Watson, and they resided in Sevier County at Greenback, Tennessee. There was also a Mr. Hugh J. Watson who owned some property in Sevier County but he resided at 116 Thornton Road in Oak Ridge, Tennessee. For some reason that is not explained in the record, the tax assessor's records reflected this property to be assessed to Hugh Watson and Jeanette Watson, 116 Thornton Road, Oak Ridge, Tennessee. This same address was furnished to the county trustee and the clerk and master's office. Consequently, when tax notices were mailed out each year they went to Mr. Watson in Oak Ridge and, although he took the notices to the tax assessor's office and told them he did not own the property, the erroneous address was never corrected. Also, when the clerk and master mailed out the notice of delinquent tax sale it was mailed to this same address and returned "unclaimed." When the tax suit was filed in the chancery court a summons was issued for Hugh and Jeanette Watson, with the same address on it, and sent to the sheriff of Anderson County. The summons was served on Mr. Hugh J. Watson, after which he went to the courthouse in Sevier County. He was not sure which office he went to, but after

being directed to the office he thought was the proper one, he informed them he was not the one the summons was intended for. However, no other or further process or publication of process was made or issued for Plaintiff.

■ T.C.A. § 67–5–2414 provides that all suits for the sale of property for taxes "shall be prosecuted according to the rules of procedure of courts of chancery." Rule 4, T.R.C.P., governs the issuance and service of process and T.C.A. § 21–1–203(a) provides some seven exceptions to the requirement of personal service in chancery cases, none of which is applicable to the case at bar. Section (b) of T.C.A. § 21–1–203 provides: "To dispense with process in any of the above cases, the facts shall be stated under oath in the bill, or by separate affidavit, or appear by the return." None of these requirements was met in the case at bar. In the case of *West v. Jackson*, 28 Tenn.App. 102, 186 S.W.2d 915 (1944) the court set aside a tax deed for insufficient notice to the owner and in so doing the court said:

"Where the court has jurisdiction over the subject matter by actual or constructive notice to the taxpayer, then all questions must be settled in that cause (Code, Sec. 1609), but notice is essential. Code, Sec. 1591, supra. If no notice the decree is void, and the three year Statute of Limitation (Code, Sec. 1610) does not apply to a void decree. Tennessee Marble & Brick Co. v. Young, supra."

\* \* \* \* \* \*

"It is evident that although a proceeding in rem the procedure is the same as in any other Chancery cause—the defendant must be before the court by actual or constructive service of process. If this is not done, there would be a mere confiscation of property." *Id.* at 917.

The principle followed in *West* has been followed in numerous other cases in this jurisdiction. *See Naylor v. Billington*, 213 Tenn. 614, 378 S.W.2d 737 (1964) and cases cited therein.

■ Although we hold the deed to Mr. Watson is void by failure of process on the Plaintiff, another compelling reason why it must be set aside is an inadequate description of the property. T.C.A. § 67–5–2502 provides, as pertinent here:

"In the event of a sale under a decree of the court, the property shall be advertised in one (1) sale notice, which notice shall set out the names of the owners of the different tracts or parcels of land and which describes the property and sets out the amount of judgment against each defendant."

The only description of the property given is a listing under "Sale No." "2421." Under the column "Assessor's Tax Map or Description Parcel No." there is listed "127–A–B–127 A–02600," and under the column "Year," is shown "1977," and under "Dist." column is "11." Upon the trial of the case it was explained that the property was, in fact, Parcel 2421 as reflected on the map of the tax assessor for 1977.

T.C.A. § 67–5–806 provides:

"USE OF PROPERTY MAPS.—(a) Where any county or municipality other than metropolitan governments has prepared or has had prepared property maps, which identify parcels of land within the area of said local government, which assign a number or other identifying symbol to such parcels and which show names of streets and public ways, and where such maps have been made a matter of public record and have been filed in the office of the county registrar, the parcel number or other identifying symbol which a specific parcel has been assigned on the official property identification map or maps shall be a sufficient description and identification of such property for purposes of assessment.

"(b) The State division of property assessment shall supervise the preparation, maintenance, revision and recording of all such property maps. It shall be the duty of the assessor to annually file a copy or microfilmed reproduction of such property maps, as currently revised, with the county registrar of deeds except in counties with a metropolitan form of government, who shall, without charge, accept, file, and preserve such copy or reproduction as a public record."

The record shows the 1977 tax map was not placed of record in the office of the county registrar until July, 1980, which was some six months after the sale was conducted. The statute authorizes the use of such map numbers only "where such maps have been made a matter of public record and have been filed in the office of the county registrar." We think this required the map to be so recorded prior to the use of such description. Without access to such map there is no way a person could be apprised of what property was involved in a sale.

■ The Appellee contends that, since the Plaintiff admits taxes were due for the year 1977 and had not been paid, under the provisions of T.C.A. § 67–5–2504 he is prohibited from attacking the validity of the sale. That section of the Code, as pertinent here, provides:

"A tax deed of conveyance shall be an assurance of perfect title to the purchaser of said land, and no such conveyance shall be invalidated in any court, except by proof that the land was not liable to sale for taxes or that the taxes for which the land was sold have been paid before said sale; and if any part of the taxes for which said land was sold is illegal or not chargeable against it, but a part is chargeable, that shall not affect the sale, nor invalidate the conveyance thereunder, unless it appears that before the sale the amount legally chargeable against the land was paid or tendered to the county trustee, and no other objection either in form or substance to the sale or the title thereunder shall avail in any controversy involving them."

We cannot agree with the Appellee's insistence. In the case of *Rast v. Terry*, 532 S.W.2d 552 (Tenn.1976) the same insistence was made with reference to the statute set out above, where the plaintiff was challenging the validity of the process, as in this case. In addressing this issue, after

holding the plaintiff had not had sufficient notice, the court said:

"It is fundamental that suits to collect delinquent taxes are proceedings in rem; however, it is basic to their validity and vitality that the taxpayer be before the court by actual or constructive service of process. *Naylor v. Billington,* 213 Tenn. 614, 378 S.W.2d 737 (1964). These suits have as their objective the enforcement of tax liens, but not by confiscation. Where the taxpayer is not properly before the court the resulting decree and sale is a nullity as to him and may be assailed at any time. *Tennessee Marble & Brick Co. v. Young,* 179 Tenn. 116, 163 S.W.2d 71 (1942). *See also, Naylor, supra.* If it be established on remand that the tax sale was void, § 67–2025 T.C.A. is not applicable.

"Section 67–2023 T.C.A. specifies that 'a tax deed of conveyance shall be an assurance of perfect title to the purchaser' and may only be invalidated by 'proof that the land was not liable to sale for taxes or that the taxes … have been paid before said sale.'"

\*     \*     \*     \*     \*     \*

"But again the applicability of this Code section must yield to the proposition that a void decree will not support a tax title and the statute presupposes a valid vestiture of title in the purchaser. *Naylor v. Billington, supra.*" *Rast* at 555.

The issues are found in favor of the Appellant. The decree of the chancellor is reversed and the case is remanded for the entry of a decree in keeping with this opinion. Cost of the appeal is taxed to the Appellee.

PARROTT, P.J., and GODDARD, J., concur.