IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 28, 2014 Session

STATE OF TENNESSEE EX REL. BRADLEY COUNTY v. #'S INC. ET AL.

Appeal from the Chancery Court for Bradley County
No. 04-093 & 04-097     Jerri S. Bryant, Chancellor

No. E2014-00121-COA-R3-CV-FILED-JANUARY 23, 2015

This appeal stems from an action filed by the State of Tennessee ex rel. Bradley County regarding delinquent real property taxes. The property at issue was sold during a tax sale in 2006. The owners of the property at the time of the tax sale subsequently filed an action to set aside the tax sale, alleging that they were not afforded due process and were never notified of the delinquent tax action. The trial court granted summary judgment to the owners and voided the tax sale due to lack of proper notice. The party who purchased the subject property at the tax sale has appealed. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Carlton J. Ditto, Chattanooga, Tennessee, Pro Se.

Crystal R. Freiberg, Cleveland, Tennessee, for the appellee, State of Tennessee ex rel. Bradley County, Tennessee.

Arthur G. Seymour, Jr., and Matthew A. Grossman, Knoxville, Tennessee, for the appellees, Joseph Thomas Carper and Sheila A. Carper.

**OPINION**

I. Factual and Procedural Background

A delinquent tax suit was filed on April 1, 2004, by the State of Tennessee ex rel.

Bradley County ("the County") through its then-acting delinquent tax attorney, Jeffrey Miller. The complaint alleged that the 2002 real property taxes for numerous properties, including 132 C & C Lane ("the Property"), were delinquent. The complaint further alleged that the "assessed" owners of the Property were "Hutson, Rickey & Brooks, Rickey L., c/o Prestige Furniture" and that George and Donna Duke were the "current" owners. Service by mail of the notices regarding the delinquent tax suit was attempted as to these parties, but the record shows that the mailings were returned as undeliverable by the United States Postal Service.

The trial court entered an order on January 25, 2006, noting that service by mail had been ineffective as to certain delinquent taxpayers in this action. The court ordered that service would also be made by publication. Following such publication, Mr. Miller filed an affidavit and motion for default, stating that proper notice had been given to all delinquent taxpayers by either mail or publication and requesting that a default judgment be granted to the County. Mr. Miller subsequently filed a second affidavit in May 2006, stating that lien searches had been performed for all parcels and that all interested parties had been properly notified. The trial court entered an order on May 8, 2006, granting a default judgment and ordering that the parcels be sold to satisfy the respective delinquent tax obligations.

The Clerk and Master filed a report of sale, showing that the Property had been sold to Carlton Ditto for $2,500.00. A decree confirming the sale was entered by the court on July 21, 2006. In 2007, Mr. Ditto filed a *pro se* motion for production of documents, in which he sought access to all title search information and certified mail return receipts related to the properties sold at the tax sale. Mr. Miller, on behalf of the County, filed a motion to quash, asserting that Mr. Ditto maintained no standing to seek discovery of said documents. The trial court entered an order denying Mr. Ditto's motion and stating that only parties to the action were allowed to seek discovery of documents. Thereafter, Mr. Ditto filed a motion seeking to intervene as a party, but the record contains no ruling on this motion.

On March 1, 2012, the County filed a motion seeking to set aside the tax sale regarding the Property. In its motion, the County asserted that it had recently learned that proper notice was not sent to all interested parties regarding the Property. The County's motion recited that the Property had been transferred to William and Tina Burt via Warranty Deed on June 14, 2004, after institution of the delinquent tax suit but before the tax sale. The Burts subsequently sold the Property for $58,000.00 to Joseph and Sheila Carper by Warranty Deed on June 13, 2005, which transfer also occurred before the tax sale. The 2002 delinquent property taxes remained unpaid despite these subsequent transfers.

The County conceded in its motion that proper notice of the delinquent tax suit had not been given to the Burts or the Carpers and that these interested parties had no knowledge of the tax sale and transfer of title to Mr. Ditto. The County submitted return receipts from

the United States Postal Service demonstrating that the notices sent to "Hutson, Rickey & Brooks, Rickey L., c/o Prestige Furniture" and George and Donna Duke were returned as undeliverable. The County stated that no other notices regarding the Property were sent. The County also presented the deeds conveying the Property to the Burts and the Carpers, as well as documentation showing that taxes on the Property had been paid by the Carpers' mortgage company from 2007 forward. The County thus asked the court to declare the tax sale void and refund Mr. Ditto's purchase money.

The trial court entered an order on July 24, 2012, holding that the County had no standing to file such a motion because it had no interest in the Property. The court noted in its order, however, that pursuant to Tennessee law, the tax sale would be void if there were no notice given to the owner of the Property. The Carpers subsequently sought to intervene in the action and filed a motion to set aside the tax sale following eviction attempts by Mr. Ditto. The Carpers sought and were granted a restraining order, which the trial court later converted to a temporary injunction prohibiting Mr. Ditto from interfering with their possession of the property. Both Mr. and Mrs. Carper filed declarations stating that they never received any notice of the delinquent tax suit. The Carpers further tendered $4,062.25 to the court, which they stated would be equal to or greater than the amount of Mr. Ditto's purchase money payment with interest.

Mr. Ditto filed a petition for writ of mandamus, seeking to compel Bradley County to defend the tax sale. Bradley County refused to defend the sale, however, admitting that it was void due to lack of notice. The trial court denied the petition for writ of mandamus. Discovery ensued, and the Carpers filed requests for admission directed to Mr. Ditto along with accompanying interrogatories. Mr. Ditto timely answered. As the Carpers asserted that his responses were insufficient, they sought to have certain requests deemed admitted by the court. The Carpers also filed a motion for summary judgment.

The trial court granted the Carpers' motion regarding discovery, deeming certain requests for admission as admitted. The court further granted the Carper's motion for summary judgment. The trial court found that there was no genuine issue of material fact regarding the lack of proper notice to the Carpers. The court also determined that the Carpers' interest in the Property was discoverable by the County. The trial court noted that Mr. Ditto had presented no evidence and had filed no depositions demonstrating that actual notice was sent to the Carpers. The court further ruled that since actual notice to the Carpers had not been attempted, there was no basis for permitting constructive notice by publication. The court thus determined that the tax sale to Mr. Ditto was void *ab initio* and ordered that Mr. Ditto's purchase money be refunded.

Mr. Ditto filed a motion seeking to alter or amend the trial court's judgment. He

concomitantly filed the depositions of Mr. Miller and his assistant. The Carpers and the County filed a joint motion seeking discretionary costs. The trial court entered an order denying the motion to alter or amend, with the exception that it amended its taxation of costs so as to tax one-half of the court costs to the County and one-half to Mr. Ditto. The court denied the motion for discretionary costs, finding that the court reporter expenses were unnecessary. Mr. Ditto timely appealed.

## II. Issues Presented

Mr. Ditto presents several issues for review, which are herein restated slightly:

1. Whether the trial court erred in denying Mr. Ditto's motion to compel production of documents in December 2007 on the basis of the work product doctrine.

2. Whether the trial court erred in refusing to add Mr. Ditto, as tax sale purchaser, as a party to the instant action in January 2008.

3. Whether the trial court erred in entering the June 24, 2012 order regarding standing.

4. Whether the trial court erred in denying Mr. Ditto's petition for writ of mandamus.

5. Whether the trial court erred by deeming certain requests for admission as admitted, thereby holding Mr. Ditto to a higher standard than a *pro se* litigant.

6. Whether the trial court erred in granting summary judgment due to the existence of genuine issues of material fact.

7. Whether the trial court erred in taxing a portion of the court costs against Mr. Ditto.

The Carpers raise the following additional issue:

8. Whether the trial court erred by refusing to award discretionary costs for court reporter fees and deposition expenses to the Carpers as prevailing parties.

## III.  Standard of Review

Regarding the standard of review for summary judgment in effect at the time this action was filed, as our Supreme Court has explained:

> Summary judgment is appropriate when the moving party can show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Tenn. R. Civ. P. 56.04; *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993).  In *Byrd*, this Court set out the basic principles involved in determining whether a motion for summary judgment should be granted.  The moving party has the ultimate burden of persuading the court that "there are no disputed, material facts creating a genuine issue for trial . . . and that he is entitled to judgment as a matter of law."  *Byrd*, 847 S.W.2d at 215.  If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists.  *Id.*  To meet its burden of production and shift the burden to the nonmoving party, the moving party must either affirmatively negate an essential element of the nonmoving party's claim or establish an affirmative defense.  *Id.* at 215 n. 5.  If the moving party does not satisfy its initial burden of production, the court should dismiss the motion for summary judgment.  *See id.* at 215.  Summary judgment should be granted only when, with the facts viewed in favor of the nonmoving party, it is clear that no genuine issue of material fact exists.  *Id.* at 210-11.

*Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1, 5 (Tenn. 2008).[1]

Issues involving pre-trial discovery, on the other hand, are reviewed utilizing an "abuse of discretion" standard of review. *See Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).  "A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Id.*  Similarly, a trial court is vested with discretion in the taxation of costs. *See Ogle v. Trotter*, 495 S.W.2d 558, 566 (Tenn. Ct. App. 1973).

---

[1]The recently enacted Tennessee Code Annotated § 20-16-101 (Supp. 2012), 2011 Tenn. Pub. Acts 498, is applicable only to cases commenced on or after July 1, 2011, and therefore is not applicable to this case.  Tennessee Code Annotated § 20-16-101 provides a standard of review for summary judgment with the stated purpose "to overrule the summary judgment standard for parties who do not bear the burden of proof at trial set forth in *Hannan v. Alltel Publishing Co.*, its progeny, and the cases relied on in *Hannan*." *See Sykes v. Chattanooga Hous. Auth.*, 343 S.W.3d 18, 25 n.2 (Tenn. 2011).

IV. Summary Judgment

We first address Mr. Ditto's issue regarding whether the trial court properly granted summary judgment to the Carpers and voided the tax sale as we determine this issue to be dispositive. The Carpers assert that they presented affidavits and other documents demonstrating that they were never given proper notice of the delinquent tax action or the impending sale of the Property. The Carpers therefore argue that pursuant to *Hannan*, 270 S.W.3d at 5, the burden of production shifted to Mr. Ditto to show that a genuine issue of material fact existed. As previously explained, "[s]ummary judgment should be granted only when, with the facts viewed in favor of the nonmoving party, it is clear that no genuine issue of material fact exists." *Id*.

Mr. Ditto contends that he established such a genuine issue of material fact by presenting the May 2006 affidavit and subsequent deposition of Mr. Miller, which Mr. Ditto claims unequivocally establish that Mr. Miller gave proper notice to all interested parties. We disagree. In 2005, Mr. Miller filed a "Notice of Return of Summons and Service of Process," wherein he stated that service on all delinquent taxpayers was attempted via certified mail. He then stated that service "was successful on all of the named defendants whom are designated by the returned receipt as evidenced by the green cards enclosed and made a part of this notice of return and service of process as Exhibit 'A.'" No cards were attached as an exhibit and no cards appear in this record. The trial court subsequently found, however, that certain of these return receipts were marked "refused" or undeliverable, such that notice by publication was necessary. Mr. Miller then filed his affidavit in May 2006, stating that "a lien search has been performed on each of the parcels of property listed . . . and . . . each named party who may have an interest in said property, whether current owner and [sic] lienholder, was notified via certified mail, return receipt requested for merchandise." Again, there is no further proof attached or otherwise included in the record to demonstrate service upon any specific property owner or lienholder.

Contrary to the assertions contained in Mr. Miller's affidavits, Bradley County has represented that the only notices sent with regard to the Property were sent to "Hutson, Rickey & Brooks, Rickey L., c/o Prestige Furniture" and George and Donna Duke. The return receipt for Mr. Hutson and Mr. Brooks reflects that it was returned with a notation of "insufficient address." Similarly, the return receipt for the Dukes shows that it was returned with a notation of "no mail receptacle." Bradley County concedes that no other notices of the delinquent tax suit were sent regarding this Property.

Tennessee Code Annotated § 67-5-2415 governs notice to taxpayers of suits to enforce tax liens, providing in relevant part:

(a) The defendant, when served in any manner according to the Rules of Civil Procedure, either by mail or in person, does not have to be served with a copy of the complaint and exhibit and instead, the clerk may issue a notice to accompany the summons.

(b) The notice shall identify the suit mentioned in the summons sufficiently to enable the taxpayer to know what delinquent taxes the taxpayer is being sued for and what property is subject to the lien.

(c) The summons and notice may be for more than one (1) suit where suits have been consolidated.

(d) Constructive service of process shall be made as now provided by law.

(e) In all counties, personal service of process on the defendant may be dispensed with and the summons and notice may be sent by certified or registered mail, return receipt requested.

> (1) The return of the receipt signed by the defendant, spouse, or other person deemed appropriate to receive summons or notice as provided for in the Rules of Civil Procedure, or its return marked "refused," evidenced by appropriate notation of such fact by the postal authorities, and filed as a part of the record by the clerk, with notation on the docket of the true facts, shall be evidence of personal notice.

> (2) In the event the return receipt does not establish that it was signed by the defendant or the defendant's authorized agent or that the notice was refused, then the court may find through independent proof that the defendant had actual notice in compliance with notice requirements.

> (3) If the court does not find that the defendant had actual notice, it may order such other and further action to be taken to give the defendant notice.

Further, Tennessee Rule of Civil Procedure 4.03 provides:

When process is served by mail, the original summons, endorsed as below; an affidavit of the person making service setting forth the person's compliance

with the requirements of this rule; and, the return receipt shall be sent to and filed by the clerk. The person making service shall endorse over his or her signature on the original summons the date of mailing a certified copy of the summons and a copy of the complaint to the defendant and the date of receipt of return receipt from the defendant. If the return receipt is signed by the defendant . . . service on the defendant shall be complete.

Despite Mr. Ditto's assertions, the requisite proof regarding service of process was not established by Mr. Miller's affidavits. There are no proper return receipts in the record demonstrating that service was complete as required by Tennessee Code Annotated § 67-5-2415 or Tennessee Rule of Civil Procedure 4.03. Without a demonstration of effective service pursuant to the statute, the tax sale must be declared void. *See Wilson v. Blount Cnty.*, 207 S.W.3d 741, 747 (Tenn. 2006). Further, as our Supreme Court has explained:

> Rule 4.03 clearly and specifically requires that a return identify the person upon whom process was served and a description of the manner of service. It requires, in clear, plain words, that certain things be done. Just as clearly, those words either mean something, or they do not. We choose to believe they do, that they set forth a mandatory requirement rather than a discretionary ideal that need not be strictly enforced to confer jurisdiction over a party.

*Estate of McFerren v. Infinity Transport*, LLC, 197 S.W.3d 743, 748 (Tenn. 2006). Because the requirements of Tennessee Code Annotated § 67-5-2415 and Tennessee Rule of Civil Procedure 4.03 were not met, Mr. Miller's affidavits do not establish proper and effective service of process in this matter.

In support of their motion for summary judgment, the Carpers filed affidavits establishing that they were never given notice of the proceedings. In addition, Bradley County has conceded that service of process regarding the Property was insufficient and ineffective, and the County has provided documentary evidence of this fact. Bradley County has demonstrated that the only notices sent regarding the Property were sent to previous owners, and these notices were returned as undeliverable. Mr. Ditto filed no additional evidence in response to the Carpers' summary judgment filings.

Pursuant to Tennessee Rule of Civil Procedure 56.06:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there

is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. . . .

The only other evidence submitted by Mr. Ditto consisted of the depositions of Mr. Miller and his assistant, which were filed contemporaneously with Mr. Ditto's motion to alter or amend following the grant of summary judgment. In ruling on Mr. Ditto's motion to alter or amend, however, the trial court gave no indication that the depositions of Mr. Miller and his assistant were considered. On appeal, this Court can only consider the evidence that was considered by the trial court. *See Allstate Ins. Co. v. Young*, 639 S.W.2d 916, 918 (Tenn. 1982); *Atkins v. Kirkpatrick*, 823 S.W.2d 547, 550 (Tenn. Ct. App. 1991).

Mr. Ditto has failed to establish a genuine issue of material fact regarding service of process. The uncontradicted evidence demonstrates that service was never properly accomplished by mail. Further and as the trial court found, because proper service on the property owners was insufficiently attempted by mail, there was no basis for allowing constructive service by publication. *See Wilson*, 207 S.W.3d at 747. As Mr. Ditto presented no evidence of due process to the owners of the Property regarding the delinquent tax suit, the tax sale was properly declared void by the trial court. *See Naylor v. Billington,* 378 S.W.2d 737, 738 (Tenn. 1964); *West v. Jackson*, 186 S.W.2d 915, 917 (Tenn. Ct. App. 1944). We conclude that summary judgment was appropriately granted in this matter.

V. Writ of Mandamus

Mr. Ditto argues that the trial court erred in denying his petition for a writ of mandamus. In his petition, Mr. Ditto sought an order compelling Bradley County to defend the tax sale and to obtain and produce all records in the possession of Mr. Miller regarding the delinquent tax action. Bradley County filed an answer, asserting that it had no duty to defend a void tax sale. The trial court denied Mr. Ditto's petition, directing him to seek discovery of any documents in Mr. Miller's possession directly from Mr. Miller.

"[M]andamus will only lie to enforce a ministerial act or duty and will not lie to control a legislative or discretionary duty." *State ex rel. Weaver v. Ayers*, 756 S.W.2d 217, 221 (Tenn. 1988). Therefore, where officials "have the duty or opportunity to act only after making determinations, evaluations or judgments, they cannot be compelled by mandamus to do the act or do it in a particular way." *State ex rel. Byram v. Brentwood*, 833 S.W.2d 500, 505 (Tenn. Ct. App. 1991). We agree with the trial court's decision to deny Mr. Ditto's petition for writ of mandamus as he demonstrated no basis for same. As our Supreme Court has explained, "'the purpose of a writ of mandamus is not to establish a legal right,' the very thing which complainants in this suit seek to do, 'but to enforce one which has already been established.'" *Modjeski & Masters v. Pack*, 388 S.W.2d 144, 149 (Tenn. 1965) (quoting

*Peerless Const. Co. v. Bass*, 14 S.W.2d 732, 734 (Tenn. 1929)). We find no such established right in this action.

Mr. Ditto asserts that his right to good title to the Property was established by Tennessee Code Annotated § 67-5-2504(b), which states in pertinent part:

> A tax deed of conveyance or an order confirming the sale shall be an assurance of perfect title to the purchaser of such land, and no such conveyance shall be invalidated in any court, except by proof that the land was not liable to sale for taxes, or that the taxes for which the land was sold have been paid before the sale or that there was substantial noncompliance with mandatory statutory provisions relating to the proceedings in which the parcel was sold . . . .

Mr. Ditto fails to recognize that this statutory provision upon which he seeks to rely clearly provides that the tax deed may be invalidated where "there was substantial noncompliance with mandatory statutory provisions relating to the proceedings in which the parcel was sold," as is the situation herein. Pursuant to the statute, a tax deed is subject to invalidation due to lack of service of process and other reasons. Therefore, Mr. Ditto did not possess a clearly established right subject to enforcement by writ of mandamus.

## VI. Discovery and Other Pre-Trial Issues

Mr. Ditto has raised several other issues regarding rulings made by the trial court prior to the grant of summary judgment in this matter. We determine that, with the exception of the cost issue, the other issues raised on appeal are either without merit or are pretermitted as moot. Specifically, Mr. Ditto argues that the trial court erred in denying his motion to compel production of documents filed in 2007, before he was made a party to this case. We find no error in that action, however, as the Tennessee Rules of Civil Procedure clearly contemplate that only parties to the lawsuit may seek pre-trial discovery. See Tenn. R. Civ. P. 26.01 ("**Parties** may obtain discovery by one or more of the following methods . . . .") (emphasis added). Mr. Ditto also asserts that the trial court erred in refusing to allow him to intervene as a party in January 2008. We find no order reflecting such a ruling in this record. As this Court has previously explained, a trial court speaks through its written orders, and the appellate courts review only the trial court's written orders. *See Conservatorship of Alexander v. JB Partners*, 380 S.W.3d 772, 777 (Tenn. Ct. App. 2011) (citations omitted).

Mr. Ditto posits that in its June 24, 2012 order regarding standing, the trial court "prejudged" the matter by noting that Tennessee law "is that a tax sale is void when there is no notice to the owner of the property . . .". We disagree. The trial court's correct statement of the law does not indicate bias by the court. Further, Mr. Ditto's issue regarding the

requests for admission is pretermitted as moot as the requests deemed admitted pursuant to Tennessee Rule of Civil Procedure 36.01 were not necessary to our decision in this matter.

## VII.  Discretionary Costs and Court Costs

The remaining issues presented for our review include (1) whether the trial court properly refused to award discretionary costs to the Carpers as prevailing parties and (2) whether the trial court erred in taxing a portion of the court costs to Mr. Ditto.  Both of these issues are reviewed under an abuse of discretion standard as each is addressed within the trial court's discretion.  *See* Tenn. R. Civ. P. 54.04 (2) ("Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion."); *see also Ogle*, 495 S.W.2d at 566 (holding that a trial court is vested with discretion in the taxation of costs).

"A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc.*, 312 S.W.3d at 524.  We find no basis for a determination that the trial court abused its discretion regarding the allowance or taxation of costs in the present action.

## VIII.  Conclusion

For the reasons stated above, we affirm the judgment of the trial court.  Costs on appeal are taxed to the appellant, Carlton J. Ditto.  This case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE