Aaron E. **MARLOWE and Franklin County et al.,** Appellants,

v.

**KINGDOM HALL OF JEHOVAH'S WITNESSES,** Appellee.

Supreme Court of Tennessee.

July 26, 1976.

Robert S. Peters, Swafford, Davis & Peters, Ben Lynch, Lynch, Lynch & Lynch, Winchester, for appellants.

Chester C. Chattin, Buddy Perry, Chattin & Perry, Winchester, for appellee.

## OPINION

HENRY, Justice.

This is an action *quia timet* filed by Kingdom Hall of Jehovah's Witnesses, seeking to

remove a cloud from its title to a tract of real estate located in Franklin County and upon which it has erected a church. The complaint seeks a declaration that a tax sale was null and void, and a cancellation of the resulting tax deed. Plaintiff charges that notice of the sale was defective in that it was by publication as opposed to personal service of process, and further pleads the invalidity of the tax sale based on lack of confirmation prior to the institution of this action.

Plaintiff moved for summary judgment on the pleadings and a stipulation of facts. The Chancellor sustained the motion, holding that the owner of the property did not have "proper notice of the tax sale under the due process clause"; that a return by the sheriff, "not to be found in my County", followed by publication was not sufficient notice; and that the tax sale was not confirmed until after the filing of the instant suit.

This appeal, by the purchaser at the tax sale and Franklin County, ensued.

## I.

A chronological narration of the sequence of events will serve to place this entire controversy in proper perspective.

The property involved was initially owned by Hoover Motor Express, Inc., which merged with Ryder Truck Lines, Inc., and ultimately the two companies, as merged, came to operate under the corporate name of Ryder Tank Lines, Inc.

Ryder conveyed the property to Whitmore, Jehovah's Witnesses' predecessor in title in 1966.

On 8 January 1970, Franklin County filed delinquent tax suits in the Circuit Court at Winchester for each of the years 1962 through 1967. Hoover was made a party to the suits for the years 1966 and 1967. These six suits were consolidated. On 9 January 1970, a summons was issued for each of the suits, commanding the sheriff to summon all defendants named in each complaint. The sheriff made return on 10 January 1970 as follows:

Came to hand 10 day of Jan. 1970, and *not to be found in my County.* (Emphasis supplied).

On 8 August 1970, an order was entered by the court directing notice by publication "to all defendants in each of the consolidated cases". This publication was duly and properly made. Pursuant to these procedures the tax sale was conducted on 15 August 1971. Some nine months later, on 11 May 1972, a report of sale was made showing, among other things, that the appellant, Aaron Marlowe, purchased this property for $79.36.

During all of this period of time Whitmore was the record owner of the property. On 22 February 1973, approximately one and one-half years after the tax sale, Whitmore conveyed to Jehovah's Witnesses, by general warranty deed, containing the usual covenants against encumbrances. In June 1973, Jehovah's Witnesses started the construction of a church which was completed in June 1974.

On 8 June 1974, two years, nine months and twenty-three days after the date of the sale, the clerk executed a tax deed to Aaron Marlowe, who, immediately began to assert his rights to the property.

On 6 November 1974, the complaint in the instant suit was filed. On 12 November 1974, more than three years after the tax sale, a decree was entered confirming the sale.[1]

## II.

We first address the issue of the sufficiency of the notice, i. e., actual service of process viz a viz publication.

Section 67–2012, T.C.A., relating to the prosecution of suits for the enforcement of tax liens, provides that "[a]ll such suits,

---

1.  The delinquent tax deed recites that a decree made and entered on the 6th day of April 1968 was a confirmation of a sale of certain properties. This recitation obviously is in error as to the Marlowe deed. The record contains nothing to indicate that this sale was confirmed prior to 12 November 1974, which was after this suit was filed.

whether brought in the chancery court or circuit court shall be prosecuted according to the rules of procedure of courts of chancery . . .".

▆▆ Publication in suits to enforce tax liens is, therefore, governed by § 21–212, T.C.A., wherein it is provided that personal service of process in the court of chancery is dispensed with, inter alia, "[w]hen the sheriff shall make return upon any leading process, that he [the defendant] is not to be found." This was the return made in this case and, as a matter of law, such a return is sufficient to support publication.

Section 67–1804, T.C.A. recognizes that "[t]he whole proceeding for collection of taxes from the assessment to sale for delinquency shall be a proceeding in rem . ." This has been the consistent holding of this Court, our latest pronouncement to that effect being contained in *Rast v. Terry*, 532 S.W.2d 552 (Tenn.1976).

▆▆ We recognize, as we did in *Rast*, that it is basic to the validity of suits to collect delinquent taxes that the taxpayer be before the court by actual or constructive service of process. And where the taxpayer is not properly before the court, the resulting decree and sale is a nullity as to him and may be assailed at any time.

▆▆ It is, however, the established law in this jurisdiction that either actual or constructive notice is sufficient. *Naylor v. Billington*, 213 Tenn. 614, 378 S.W.2d 737 (1964); *Moore v. City of Memphis*, 184 Tenn. 92, 195 S.W.2d 623 (1946); *Esch v. Wilcox*, 181 Tenn. 165, 178 S.W.2d 770 (1944).

▆▆ It is apparent from these authorities that since a proceeding for the collection of delinquent taxes is a proceeding in rem, the parties are bound by actual or constructive notice. To our knowledge, no Tennessee case has ever held actual notice to be mandatory. To the contrary, it was specifically held in *Moore v. City of Memphis, supra*, that the law imposes no such obligation.

▆▆ Every landowner knows that his property is subject to taxes and that they are paid to the county trustee on an annual basis. He is charged with the knowledge that taxes become a first lien upon his property from the first day of January of the year for which they are assessed (§ 67–1801, T.C.A.) and that they are due and payable on the first Monday in October in each year, or in case of city taxes, as otherwise provided in their charter or by applicable law. (§ 67–1101, T.C.A.).

Section 67–2023, T.C.A. provides in pertinent part:

A tax deed of conveyance shall be an assurance of perfect title to the purchaser of said land, and no such conveyance shall be invalidated in any court, except by proof that the land was not liable to sale for taxes or that the taxes for which the land was sold have been paid before said sale; and if any part of the taxes for which said land was sold is illegal or not chargeable against it, but a part is chargeable, but shall not affect the sale, nor invalidate the conveyance thereunder, unless it appears that before the sale the amount legally chargeable against the land was paid or tendered to the county trustee, and no other objection either in form or substance to the sale or the title thereunder shall avail in any controversy involving them.

▆▆ We reiterate our holding in *Rast v. Terry, supra*, that

This Court will not look with favor upon an attack made upon a tax sale, where the taxes sued for were actually delinquent and unpaid at the time of the sale and adequate public notice was given. 532 S.W.2d at 555–56.

▆▆ We reverse the Chancellor to the extent of his finding that the publication in this case was not sufficient. We particularly do not agree that the publication in this case was offensive "under the due process clause". In view of the consistent holdings of this Court as to the sufficiency of constructive notice, and for the further reasons hereinabove pointed out, we are not willing to extend the rationale of *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), to

suits for the enforcement of tax liens. In our view neither the due process clause of the Constitution of the United States, nor the "law of the land clause" of the Constitution of Tennessee, or any other provision of either constitution, requires that we depart from the established law in this jurisdiction, that constructive notice is sufficient in such cases.

The appellee makes an exceptionally strong argument upon the sufficiency of the sheriff's return "not to be found in my County". The thrust of this argument is that "when the Sheriff receives a summons with numerous names and returns the summons as to all individuals 'not to be found' the very same day, the Court must examine the situation carefully to determine if the defendants have been accorded due process of law."

It is true that the record shows that six tax suits were consolidated into one and process was issued the same day in all six suits. The process in the tax suits is not before the court but the publication made in those cases appears as an exhibit. It covers two full pages in the Herald-Chronicle issue of August 13, 1970, and contains hundreds of names. It is obvious that the sheriff could not have made an accurate return as to all these property owners in a single day. It is equally obvious that a blanket return as to all named defendants "not to be found in my County" was false; however, as to defendant Hoover, the return was accurate—if inadvertently so. The entire procedure for tax collection and enforcement in Franklin County, as demonstrated by this record, ranges from faulty and irregular to downright sloppy. There was an inexcusable delay in the filing of these delinquent tax suits. Orderly fiscal procedure demands that these suits be filed promptly and annually. The sheriff obviously made no effort to serve process. There was an inordinate delay between the sale of the property and the confirmation of the sale. While these procedures are unfortunate and, for the most part, unlawful, we cannot say that any of them individually, or all taken together, operate to void the tax sale in this suit except to the extent of the confirmation which we discuss in the ensuing section.

## III.

It is fundamental to our law that a tax sale is not completed until it is confirmed by the court and legal title does not pass until a vestiture is made by the decree of confirmation. *Tenn. Marble & Brick Co. v. Young*, 179 Tenn. 116, 163 S.W.2d 71 (1942). The procedure on the confirmation of sales in Tennessee is correctly set forth in Gibson's Suits in Chancery, 5th Ed. 1955, Sec. 675.

The end result is that the sale to the appellant, Marlowe, was not completed until it was confirmed by the court on 12 November 1974, which was after the institution of the instant suit. Neither our remarks in Section II, *supra*, relating to a tax deed being an assurance of title, nor what we said in *Rast*, *supra*, can operate to breathe any life into a void deed. Each presupposes the existence of a valid title. In this case, the deed of 8 June 1974, as to the appellant Marlowe, was a nullity since no decree of confirmation had been entered and no divestiture of title had been ordered.

It, therefore, results that § 67–2025, T.C.A. providing that "[n]o suit shall be commenced in any court of the state to invalidate any tax title to land after three (3) years from the time said land was sold for taxes . . ." is not applicable. This necessarily follows from the fact that the sale is not complete until title is divested or, as it is phrased in *State v. Allen*, 27 Tenn. App. 357, 367, 181 S.W.2d 375, 379 (1943), "[t]he sale was not completed until it was confirmed by the court."

It results that the Chancellor was correct in not holding that this action was barred by the statute of limitations and in concluding that there was no confirmation of sale until November 12, 1974.

In summary we hold that the notice and publication in this case was sufficient; this action is not barred by the statute of limitations contained in § 67–2025, T.C.A.; and

that the tax deed to Marlowe was executed prior to the confirmation of the sale and vestiture of title and, therefore, is a nullity.

Finally, we point out that while a new deed executed pursuant to the decree of confirmation entered on 12 November 1974, might operate to perfect title in Marlowe, the statutory period of redemption as provided in § 64–801, T.C.A., does not expire until 12 November 1976. This follows from the fact that the time allowed for redemption is computed from the date of the confirmation of the report of sale. *Tenn. Marble & Brick Co. v. Young, supra.*

In order to avoid a multiplicity of actions and to meet the justice of this cause, the Chancellor, upon remand, will treat this as a suit to redeem and, to that end, liberality in the matter of amendments will be indulged to all counsel.

Affirmed in part; reversed in part, and Remanded.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concur.