# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
February 25, 2015 Session

## DAVIDSON PABTS, LLC v. LUCIEN WORSHAM

**Appeal from the Chancery Court for Davidson County**
**No. 13-1487-IV      Russell T. Perkins, Chancellor**

_____

**No. M2014-01061-COA-R3-CV – Filed May 18, 2015**

_____

This appeal arises from an action to quiet title to property that was acquired by Plaintiff at a tax sale in 2008. The former owner of the property opposed the petition contending he did not receive proper notice of the tax sale and, therefore, the sale was void. Following discovery, Plaintiff filed a motion for summary judgment contending there were no material facts in dispute and it was entitled to judgment as a matter of law. The trial court granted the motion and entered judgment quieting title in favor of Plaintiff. Defendant appeals contending the court erred in granting summary judgment because genuine issues of material facts exist concerning whether the county provided proper notice of the tax sale. He also contends the trial court failed to state the legal grounds upon which it granted the motion as required by Tenn. R. Civ. P. 56.04. We have concluded that Plaintiff filed a properly supported motion for summary judgment demonstrating that it acquired title through an order confirming the tax sale, which shifted the burden of production to Defendant to establish that a genuine dispute of material fact exists that precludes summary judgment. However, Defendant failed to carry that burden. As for Rule 56.04, the trial court failed to state the legal grounds upon which the motion was granted; however, we are able to discern from the record the grounds for granting the motion; therefore, this omission constitutes harmless error. There being no dispute of material fact concerning whether the county provided constitutionally sufficient notice of the tax sale, Plaintiff was entitled to judgment as a matter of law. Therefore, we affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Lucien C. Worsham, Nashville, Tennessee, Pro Se.

Robert J. Notestine, III, Nashville, Tennessee, for the appellee, Davidson Pabts, LLC.

## OPINION

Lucien C. Worsham acquired real estate located at 1000 West Cahal Avenue in Nashville, Davidson County, Tennessee on April 21, 2006. The 2006 Warranty Deed provided the following information regarding the name and address of the new owner: "Lucien Worsham, 1000 West Cahal Avenue, Nashville, TN 37206." The deed also stated: "Send Tax Bills To: SAME AS NEW OWNER."

It is undisputed that Defendant never paid property taxes on the property located at 1000 Cahal Avenue (hereinafter "the property"). For his part, Mr. Worsham insists that he never received any tax notices because the property was unoccupied and that he resided at a different address at all times material to this action.

To satisfy delinquent taxes on the property owed to the Metropolitan Government of Nashville and Davidson County ("Metro"), the property was sold by order of the Chancery Court of Davidson County, Tennessee, at a delinquent tax sale on December 10, 2008.[1] The high bidder for the property was Davidson Pabst, LLC ("Plaintiff"), and a Final Decree Confirming Sale to Plaintiff was entered on March 13, 2009 and duly recorded in the Register's Office for Davidson County, Tennessee, on April 9, 2009.

In October 2013, more than four years after acquiring the property at the tax sale, Plaintiff commenced this action to quiet title to the property. Mr. Worsham (hereinafter "Defendant") is the only defendant. In his answer he admitted that he had purchased the property in 2006, failed to pay any property taxes on it, and that Plaintiff obtained title to the property through the 2009 decree confirming the tax sale; however, he challenged the validity of the tax sale on due process grounds, claiming the sale was void because he never received notice of it. Importantly, Defendant does not contend that Metro never attempted to notify him of the tax sale. Instead, Defendant contends that Metro knew his home address and should have taken the additional step of attempting to notify him there. As Defendant stated in his Answer:

> Defendant acknowledges that the mailing address on the [2006] deed to the property was incorrect. The "new owner" and the "send tax bills to" addresses were erroneously listed by the title company as the address of the aforementioned property which is a vacant lot with an unfinished garage. Accordingly, defendant never received any tax bills or notices. Defendant acknowledges fault in failing to correct the address on the deed and in

---

[1]The underlying action was *The Metropolitan Government of Nashville and Davidson County in its own Capacity and for the Use and Benefit of the State of Tennessee v. Delinquent Taxpayers as Shown on the 2006 Real Property Tax Records of the Metropolitan Government of Nashville and Davidson County, Tennessee*, Case No. 08-572-I in the Chancery Court for Davidson County, Tennessee.

unintentionally failing to pay the taxes. Defendant received no notification of, and had no knowledge of, the default and the impending sale of the property.

Defendant alleges that proper notification of the tax auction was not given . . . including, taking "additional steps to notify owner before sale could proceed". [sic] Furthermore, the defendant alleges that the court was in possession of defendant's actual home address and phone number . . . more than a month prior to the sale . . . . No effort was made to notify defendant at that address before or, especially, after the sale.

With his Answer, Defendant attached records from a tax lien inquiry indicating that a real estate loan services company had searched public records, discovered his home address, and provided it to Metro prior to the 2008 sale.

Subsequently, in his response to interrogatories Defendant stated that he learned of the tax sale on February 4, 2010. Tenn. Code Ann. § 67-5-2701(a) provides that previous owners may redeem real property "within one (1) year from the entry of the order confirming the sale." The order confirming this sale was entered on March 13, 2009; thus, Defendant had six weeks to redeem the property without litigation. Although time remained to redeem the property, Defendant stated in discovery that he did not do so because an employee at the Clerk and Master's office told him that the redemption period had already expired.

Following discovery, Plaintiff filed a motion for summary judgment based on the Order Confirming the Tax Sale and Defendant's admissions in the Answer and his interrogatory responses. Defendant opposed the motion, also relying on his interrogatory responses and asserting that he had provided evidence that "the Court had Defendant's correct address prior to the sale and, yet, made no attempt to give notice of the tax sale or redemption period." Following a hearing, the trial court granted Plaintiff's motion upon the finding that there were no genuine issues of material fact in dispute and that Plaintiff was entitled to judgment as a matter of law. Defendant appealed.

## STANDARD OF REVIEW

Summary judgments do not enjoy a presumption of correctness on appeal. *Scott v. Ashland Healthcare Ctr., Inc.*, 49 S.W.3d 281, 285 (Tenn. 2001). Accordingly, we must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *Hunter v. Brown*, 955 S.W.2d 49, 50 (Tenn. 1997).

Rule 56.04 of the Tennessee Rules of Civil Procedure provides that summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Staples*, 15 S.W.3d at 88. The moving

- 3 -

party bears the burden of proving that its motion has satisfied these requirements. *See id.* When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to "set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact." *Id.* (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). Plaintiffs who seek summary judgment make a properly supported motion by alleging undisputed facts that show the existence of one or more elements of their claim and entitle them to a judgment as a matter of law. *See Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 9 n.6 (Tenn. 2008).[2]

The nonmoving party cannot rely on the allegations or denials of its pleadings to carry its burden. *Byrd*, 847 S.W.2d at 215; *see* Tenn. R. Civ. P. 56.06. Instead, the nonmoving party must use "affidavits or the discovery materials" listed in Rule 56 to establish that a dispute of material fact exists. *See Byrd*, 847 S.W.2d at 215. We have cautioned that "opponents to a motion for summary judgment should not take their predicament lightly and will be required to come forward with some 'specific factual information,' other than mere pleadings, in support of their position if they wish to avoid a quick, unfavorable decision." *Price v. Mercury Supply Co.*, 682 S.W.2d 924, 929 (Tenn. Ct. App. 1984) (footnote omitted).

When assessing the evidence in the summary judgment context, we must consider it in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Doe v. HCA Health Servs., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001); *Memphis Hous. Auth. v. Thompson*, 38 S.W.3d 504, 507 (Tenn. 2001).

## ANALYSIS

Defendant contends that the trial court's order failed to comply with Tenn. R. Civ. P. 56.04; he also contends there are genuine disputes of material fact regarding the validity of Plaintiff's title that renders summary judgment inappropriate.

### TENN. R. CIV. P. 56.04

On July 1, 2007, Tenn. R. Civ. P. 56.04 was amended to state "[t]he trial court *shall* state the legal grounds upon which the court denies or grants the motion [for summary judgment], which *shall* be included in the order reflecting the court's ruling." *See* Tenn. R. Civ. P. 56.04 (emphasis added); *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 313 (Tenn. 2014). The Tennessee Supreme Court has made it clear that this requirement is not a matter of form over substance; it is to assist the appellate courts to glean from the record the basis for the trial court's decision. *See id.* at 313-14. It is also to

---

[2]In 2011, the General Assembly passed Tenn. Code Ann. § 20-16-101, which abrogated much of the decision in *Hannan*. *See* 2011 Tenn. Pub. Acts. 498. However, this statute expressly applies only to "the moving party who does not bear the burden of proof at trial." Tenn. Code Ann. § 20-16-101. Because Plaintiff is the moving party and *does* bear the burden of proof at trial, this statute is not applicable.

assure that the decision is the product of the trial court's independent judgment. *Id.* at 314. Orders granting or denying summary judgment that do not comply with Rule 56.04 may be vacated and remanded. *See id.*

Despite the mandatory language of Rule 56.04, this court has been hesitant to vacate summary judgment orders when we can discern the reasons for the trial court's decision. *See White v. Pulaski Elec. Sys.*, No. M2007-01835-COA-R3-CV, 2008 WL 3850525, at *3 (Tenn. Ct. App. Aug. 18, 2008); *Burgess v. Kone, Inc.*, No. M2007-02529-COA-R3-CV, 2008 WL 2796409, at *2 (Tenn. Ct. App. July 18, 2008). The Supreme Court has looked favorably on this practice, noting that, where the absence of stated grounds does not "significantly hamper" review of a trial court's decision, judicial economy supports this approach to enforcing Rule 56.04. *See Smith*, 439 S.W.3d at 314.

The pertinent part of the trial court's order states:

> this court finds that there are no genuine issues of material fact in dispute in this case, that judgment is proper as a matter of law as to the claims of the Plaintiff against the Defendant . . . and Summary Judgment should be granted in favor of the Plaintiff, Davidson Pabts, LLC.

This language fails to comply with the Rule 56.04 mandate because it does not reveal the basis for the trial court's decision. However, due to the narrow issue presented in the motion for summary judgment, it does not substantially hamper our review of the trial court's decision because we can readily discern the trial court's reasoning from the record. *See White*, 2008 WL 3850525, at *3. Accordingly, the failure to comply with Rule 56.04 is harmless error, and we will proceed to review the other issues raised by Defendant.

DISPUTE OF MATERIAL FACT

Defendant contends that Plaintiff's motion for summary judgment was not properly supported and, therefore, the burden of production never shifted to Defendant. Alternatively, he insists the court erred in granting summary judgment because material facts were disputed.

In an action to quiet title, a plaintiff must aver and prove title in itself. *See Hoyal v. Bryson*, 53 Tenn. 139, 141 (1871); *Grand Hotel, LP v. Cardin*, No. M2004-00996-COA-R3-CV, 2005 WL 2012778, at *4 (Tenn. Ct. App. Aug. 11, 2005). Tax deeds and orders confirming tax sales are "assurance of perfect title to the purchaser" of land sold at a tax sale. *See* Tenn. Code Ann. § 67-5-2504.

It is undisputed that Defendant's property was sold at a tax sale, that Plaintiff purchased the property at that sale, and that a decree confirming the sale was entered in

March 2009. The record also includes the Final Decree Confirming Sale to Plaintiff, which was entered on March 13, 2009 and duly recorded in the Register's Office for Davidson County, Tennessee, on April 9, 2009. Thus, Plaintiff's motion was properly supported by undisputed documents and facts sufficient to establish the elements of Plaintiff's action to quiet title and entitle Plaintiff to a judgment as a matter of law. *See Hannan*, 270 S.W.3d at 9 n.6. Consequently, the burden shifted to Defendant to "set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in [Rule 56], establishing that there are indeed disputed, material facts creating a genuine issue that needs to be resolved by the trier of fact and that a trial is therefore necessary." *Byrd*, 847 S.W.2d at 215.

Defendant contends his response to the motion created a genuine dispute of fact concerning whether he received proper notice of the 2008 tax sale, which fact is material to whether Plaintiff's title is void or valid. For the reasons explained below, we have concluded that his response failed to raise a dispute of a material fact.

County and municipal governments are authorized to levy taxes on real property. Tenn. Code Ann. §§ 67-5-101 to -103; *see* Charter of the Metropolitan Government of Nashville and Davidson County, Tennessee, Art. 2, § 2.01 (preserving the power to levy and collect property taxes). These taxes are due and payable on the first Monday in October of each year. *See* Tenn. Code Ann. § 67-1-701.

Property owners in Tennessee are charged with the knowledge both that their property is subject to taxation and that property taxes are due each year. *Marlowe v. Kingdom Hall of Jehovah's Witnesses*, 541 S.W.2d 121, 124 (Tenn. 1976).[3] If a property owner has failed to pay taxes, the government will file suit to collect them, *see* Tenn. Code Ann. § 67-5-2405, and if taxes remain unpaid, the court has the authority to sell the property. *See* Tenn. Code Ann. §§ 67-5-2005, 2501.

The procedure for notifying parties when their property is sold by court decree is stated in Tenn. Code Ann. § 67-5-2502 (2008).[4] In the event of a sale under a decree of the court, notice of the sale "is governed by the Tennessee Rules of Civil Procedure, and may be forwarded to the address of an owner of the property that is on record in the

---

[3]Subsequent cases have held that the knowledge that taxes are due or delinquent is not the same as notice that a tax sale is pending for purposes of due process. *See Jones v. Flowers*, 547 U.S. 220, 232-33 (2006) (quoting *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 800 (1983)). *Marlowe* has been overruled to the extent it held that publication notice alone is constitutionally adequate in the context of a proceeding to enforce a tax lien. *See Wilson v. Blount County*, 207 S.W.3d 741, 747 (Tenn. 2006); *Sunburst Bank v. Patterson*, 971 S.W.2d 1, 4-5 (Tenn. Ct. App. 1997). However, *Marlowe* was correct that taxpayers cannot avoid paying taxes simply because they did not receive notice that taxes were owed. To his credit, Defendant has not argued that lack of notice eliminated his responsibility to pay taxes.

[4]We cite to the 2008 version of the statute because the tax sale in this case occurred in 2008. While the statute has been amended since 2008, the quoted portions have remained the same.

office of the assessor of property." Tenn. Code Ann. § 67-5-2502(a)(3) (2008). As the statute makes clear, "[i]t is the responsibility of the property owner to register the property owner's name and address with the assessor of property of the county in which the land lies." Tenn. Code Ann. § 67-5-2502(b) (2008). Registration of the property owner's name and address with the assessor of property is generally done by including such information in the deed by which the person acquires the property.

The foregoing notwithstanding, before taking an action that will affect an interest in property protected by the Due Process Clause of the Fourteenth Amendment, a state must attempt to provide notice to the parties involved. *See Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983) (quoting *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950)). In a tax sale, the government must provide notice by mail "or other means as certain to ensure actual notice . . . if [the party's] name and address are reasonably ascertainable." *Id.* at 800; *see Wilson v. Blount County*, 207 S.W.3d 741, 750 (Tenn. 2006). However, "[d]ue process does not require that a property owner receive actual notice before the government may take his property." *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (citing *Dusenbery v. U.S.*, 534 U.S. 161, 170 (2002)). Instead, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action . . . ." *Id.* (quoting *Mullane*, 339 U.S. at 314); *see Wilson*, 207 S.W.3d at 749-50 ("To be clear, due process does not require that a party *receive* actual notice; it requires only that the government choose a method of notification that is reasonably calculated to *provide* notice.") (emphasis in original). "[T]he proper inquiry is whether the government took such actions to notify the party as are 'reasonably calculated to apprise him' of the proceeding." *Wilson*, 207 S.W.3d at 750 (quoting *Mullane*, 339 U.S. at 314).

In certain circumstances, governments are required to take "additional reasonable steps" to contact a party after the government has already attempted to provide notice. *See Jones*, 547 U.S. at 225-26. Depending on the situation, these steps may include resending notice by regular mail; posting notice on the intended recipient's front door; or addressing otherwise undeliverable mail to "occupant."[5] *See id.* at 234-35. However, these steps are only required if the government receives new information indicating its initial attempt at notice has failed. *See id*. at 226, 229-30. In all other situations, when the government has attempted to provide notice and "heard nothing back indicating that anything had gone awry," the notice is constitutionally sufficient if it was "reasonably calculated to reach the intended recipient when sent." *See id.* at 226. Therefore, parties

---

[5]Notably, even *Jones* does not consider open-ended searches of public records to be a reasonable step for attempting to notify a party. *See Jones*, 547 U.S. at 235-36. While the current version of Tenn. Code Ann. § 67-5-2502(c) requires "a reasonable search of the public records in the offices of the assessor of property, trustee, the register of deeds and the local office where wills are recorded" – and there is some indication that such a search was conducted here – it is not clear that due process requires the government to search through public records even when it knows that its first mailed notice has returned "unclaimed." *See Jones*, 547 U.S. at 235-36.

- 7 -

cannot claim that the government was required to take additional steps to notify them without also showing that the government knew those steps were necessary.

In his response, Defendant produced evidence that he did not know that the 2008 tax sale had occurred until February 2010; however, significantly, he has not argued that Metro made no attempt to notify him at 1000 Cahal Avenue, and he has failed to produce any evidence that Metro was required to take the additional step of notifying him at another address.

While Defendant's pleadings and arguments are replete with references to due process violations and the failure to provide notice, these references are not sufficient to raise a genuine dispute of material fact. A party opposing a motion for summary judgment cannot rely on statements in its pleadings to raise a genuine dispute of material fact. *See* Tenn. R. Civ. P. 56.03; *Byrd*, 847 S.W.2d at 214-15; *Price*, 682 S.W.2d at 929. Thus, any assertions or denials found only in Defendant's Answer are not sufficient to demonstrate the existence of a dispute of material fact.

The foregoing notwithstanding, Defendant properly relies on discovery responses in his effort to create a dispute of a material fact; however, viewing these facts in the light most favorable to Defendant, they demonstrate only that Defendant did not learn of the 2008 sale until after it occurred. They do not demonstrate that Metro received information that an attempt to notify Defendant at the 1000 Cahal Avenue address failed. *See Jones*, 547 U.S. at 226, 229-30. As a result, these facts do not establish that Metro was required to take the additional step of attempting to notify Defendant of the sale at another address. *See id.*

We acknowledge that Defendant filed records from a tax lien inquiry indicating that a real estate loan services company had searched public records, discovered his home address, and provided it to Metro prior to the 2008 sale; however, this merely provided Metro with knowledge that Defendant owned property with a different address from the one that specified in the 2006 Warranty Deed, which instructed that tax notices be sent to Defendant at "1000 West Cahal Avenue." Metro's knowledge that Defendant owned other property does not establish that Metro was required to notify Defendant at that address unless Defendant can also establish that Metro knew it failed to notify Defendant at the address he specified was for tax notices.

Defendant never argued that Metro did not attempt to send him notice at 1000 Cahal Avenue. Instead, he argued that his due process rights were violated when Metro failed to send notice of the tax sale to his home address. We are not persuaded by this argument because sending notice of a tax sale to the address the property owner has designated is "reasonably calculated" to apprise the property owner of the pending tax sale. *See Wilson,* 207 S.W.3d at 750. Contrary to Defendant's contention, Metro was not required to take additional steps to notify Defendant unless it learned that an otherwise

reasonably calculated attempt to notify Defendant had failed. *See Jones*, 547 U.S. at 226. Defendant has not demonstrated that an attempt to notify him at 1000 Cahal Avenue failed. Therefore, Defendant has failed to raise a genuine dispute of material fact regarding the notice at issue, and the trial court properly granted Plaintiff's motion for summary judgment in this case.

IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Defendant, Lucien C. Worsham.

_____
FRANK G. CLEMENT, JR., JUDGE