FILED
09/24/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 5, 2018

## 200 LINDEN AVENUE PROPERTIES, G.P., ET AL. v. CHEYENNE JOHNSON, SHELBY COUNTY ASSESSOR OF PROPERTY, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-001737-14      Jerry Stokes, Judge**

—————————————————————

**No. W2017-02372-COA-R3-CV**

—————————————————————

Petitioner appeals from the Shelby County Circuit Court's decision to grant summary judgment to the Respondents, Shelby County Assessor of Property and Shelby County Trustee, as to Petitioner's claims challenging tax assessments issued by the Assessor of Property. We conclude that Tennessee Code Annotated section 67-5-1511 mandates that judicial review of property tax classification and valuation decisions are properly to chancery court. As such, we vacate the judgment of the trial court and remand with instructions to transfer this matter to the Shelby County Chancery Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Fred M. Ridolphi, Jr., Memphis, Tennessee, for the appellants, 200 Linden Avenue Properties, G.P., and 109 Madison Properties, L.L.C.

John B. Turner, Jr., Assistant County Attorney, Memphis, Tennessee, for the Appellees, Cheyenne Johnson, Shelby County Assessor of Property, and David Lenoir, Shelby County Trustee, in their official capacities.

## OPINION

### Background

This case involves a declaratory judgment action challenging tax assessments issued by the Shelby County Assessor of Property for the years 2006–2013, on property located

1

at 200 Linden Ave., Memphis, Tennessee. The case began when 200 Linden Ave. Properties G.P. filed a petition for declaratory judgment in the Circuit Court of Shelby County, Tennessee, pursuant to Tennessee Code Annotated section 29-14-101 et seq., against the Shelby County Assessor of Property and the Shelby County Trustee. ("Appellees" or "Respondents"). 200 Linden Ave. Properties G.P. was the lessee of the property for the years in question. The managing partner of 200 Linden Ave. G.P. is 200 Linden Ave. L.L.C., which is managed by Curtis Wegener; Mr. Wegener is also the manager of 109 Madison Properties L.L.C., ("Appellant" or "Petitioner") which was substituted as plaintiff on July 16, 2014.

The fee interest in the property is held by the City of Memphis, but was leased to Lincoln "Chips" Moman on December 3, 1985, for a ninety-nine (99) year term. Moman leased the property until 1992, when First Tennessee Bank acquired Moman's interest by Substitute Trustee's Deed. Appellant then acquired its interest from First Tennessee on December 5, 2000, via a document styled "Assignment of Leases and Rents."

The undisputed facts reflect that because the property is held in fee by the City of Memphis, no property taxes were assessed on the property from 2000–2006. Thus, Appellant believed the property was tax exempt and made no attempt to pay property taxes. In 2006, 200 Linden Ave. was added to the Shelby County tax rolls. Even after the property was added to the tax rolls, Appellant apparently believed the property was still tax exempt and paid no taxes. Because the property was vacant and fenced at the street starting in 2006, Appellant received no mail there. The discrepancy came to Appellant's attention in early 2011, when Appellant realized that the City of Memphis had reacquired and sold the property through a delinquent tax sale. Due to lack of notice regarding the sale, however, it was rescinded in June 2011, and the leasehold was returned to Appellant and placed back on the tax rolls in 2013.[1]

Appellant appealed the tax assessments for 2006–2010 on January 19, 2012, directly to the Tennessee State Board of Equalization ("SBOE"). Administrative Law Judge Brook Thompson notified Appellant by a letter dated August 17, 2012, that the matter was set for jurisdictional hearing, but Appellant's tax representative requested on September 14, 2012, that the appeal be withdrawn. Thus, the appeal was dismissed by the SBOE. The SBOE then issued its "Official Certificates of the Assessment Appeals Commission Relative to the Assessments" for tax years 2006 through 2010 on December 14, 2012. These certificates note that the documents "constitut[e] the final judgment of the Commission[.]" Appellant took no further action with the SBOE until September 9, 2014, when Appellant again directed its tax representative to file a direct appeal, this time for the years 2006 through 2013. Kelsie Jones, Executive Secretary of the SBOE, notified

---

[1] Because the City of Memphis reacquired the property, the assessments for 2011 and 2012 were zero. After the property was reenrolled, the 2013 assessment came to $210,880.00.

Appellant on September 25, 2014, that this second appeal was untimely and would not be considered.

Meanwhile, on April 17, 2014, Appellant filed this declaratory judgment action in the Circuit Court of Shelby County, alleging that the tax assessments were invalid and unenforceable due to lack of notice. Appellant filed its first amended petition on July 16, 2014, and Respondents filed a motion to dismiss on September 4, 2014. Respondents argued that Petitioner failed to state a claim for which relief could be granted because Appellant failed to seek review with the SBOE in a timely manner prior to seeking judicial review, pursuant to Tennessee Code Annotated section 67-5-1511, discussed *infra*. In the meantime, Appellant filed a motion to amend the petition for a second time, which the trial court granted in an order entered October 24, 2014.

Thereafter, the parties conducted an unsuccessful mediation, and the case was continued several times while the parties exchanged discovery. Appellant then filed its amended petition on November 10, 2015, adding Shelby County, Tennessee Trustee David Lenoir as a respondent. In this petition Appellant raised a constitutional procedural due process argument based upon the tax assessments being mailed to the vacant lot at 200 Linden Ave.

Respondents filed a motion to dismiss and/or motion for summary judgment on July 24, 2017, and Appellant again filed a motion to amend on July 28, 2017. The Appellant sought to add the SBOE as a respondent, and sought leave to file a Writ of Mandamus directing the SBOE to hear Appellant's appeals. The trial court denied Appellant's motion to amend on August 23, 2017, and Appellant thereafter filed a cross-motion for summary judgment on August 24, 2017. The trial court entered an order granting Respondents' motion to dismiss and/or for summary judgment on November 8, 2017. Appellant filed a timely notice of appeal on December 4, 2017.

## Issues Presented

Appellant raises the following issues in this appeal, which are taken from its brief:

1. Did the Trial Court err in holding that, as a matter of law, Appellants/Petitioners by virtue of their ownership of the leasehold interest in the property were responsible for and deemed to have knowledge of all taxes due on that leasehold interest and failed to meet the applicable deadlines for filing appeals for the years in question.

2. Did the Trial Court err in holding that the constitutional procedural rights of due process of law guaranteed to Appellants/Petitioners were not violated by Appellees/Respondents in their failure to give

3

Appellants/Petitioners notice of the assessments at issue depriving them of exercising their statutory rights to timely appeal and dispute said assessments.

3. Did the Trial Court err in denying the Motion of Appellants/Petitioners to amend their Petition pursuant to Rule 15 to add the State Board of Equalization as a party and to seek a Writ of Mandamus issued to the State Board of Equalization directing it to set and hear the tax appeals filed by Appellants/Petitioners for the years 2006 through 2013.

From our review, an additional issue is presented: whether the trial court lacked subject matter jurisdiction over this action.

**Discussion**

This appeal involves a challenge by Appellant to the classification and valuation of its interest in property for tax years 2006–2013. Specifically, Appellant argues that the assessments are invalid and unenforceable due to lack of notice. County governments are authorized to levy taxes on real property. Tenn. Code Ann. § 67-5-102. These taxes are due and payable on the first Monday in October of each year. Tenn. Code Ann. § 67-1-701. "Property owners in Tennessee are charged with the knowledge both that their property is subject to taxation and that property taxes are due each year." ***Breakey v. Sequatchie Cty.***, No. M2016-01504-COA-R3-CV, 2017 WL 2536849, at *2 (Tenn. Ct. App. June 12, 2017) (citing ***Davidson Pabts, LLC v. Worsham***, No. M2014-01061-COA-R3-CV, 2015 WL 4115174, at *4 (Tenn. Ct. App. May 18, 2015), *perm. app. denied* (Tenn. Sept. 17, 2015) (citing ***Marlowe v. Kingdom Hall of Jehovah's Witnesses***, 541 S.W.2d 121, 124 (Tenn. 1976)).

If a property owner fails to pay taxes, the government shall file suit to collect them, Tenn. Code Ann. § 67-5-2405, and if taxes remain unpaid, the court has the authority to sell the property. Tenn. Code Ann. §§ 67-5-2005 & 2501. In the event that taxes on nonexempt property remain delinquent, a tax lien attaches and "remain[s] a first lien upon such property from January 1 of the year for which such taxes are assessed." Tenn. Code Ann. § 67-5-2101(a). There is no dispute that Appellant's interest in the property at issue in this case is taxable, despite the fact that it is owned by the City of Memphis:

In the event real property heretofore exempt under §§ 67-5-203, 67-5-204, 67-5-206 -- 67-5-208, 67-5-211 -- 67-5-214, 67-5-218, and 67-5-219 is conveyed or transferred by sale, lease or otherwise to a person, firm or corporation, rendering the status of the property as nonexempt by reason of the transfer, the nonexempt grantee, lessor or other nonexempt taxpayer

4

**shall be liable for the real estate taxes thereon from the date of the transfer** to the end of the taxable year; and the state, county or municipal collector of taxes shall collect the real estate taxes due from the date of the transfer, notwithstanding the status of the property as of the assessment date of January 1 of each year.

Tenn. Code Ann. § 67-5-201(a)(1) (emphasis added). Thus, while the property was considered tax exempt when held by the City of Memphis, it became nonexempt upon its transfer to Appellant.

Should a taxpayer wish to contest a property tax assessment, the taxpayer may seek relief through an administrative action with the local board of equalization, or with the SBOE. *See* Tenn. Code Ann. § 67-5-1412(a) ("Any taxpayer, or any owner of property subject to taxation in the state, who is aggrieved by any action taken by the county board of equalization or other local board of equalization has the right to a hearing and determination by the state board of equalization of any complaint made on any of the grounds provided in § 67-5-1407."); *see also* Tenn. Code Ann. § 67-5-1407 (a)(1) (designating as grounds the misclassification of property and incorrect assessments of the value of the property). In order to obtain relief, the taxpayer must first seek relief through its local board of equalization, unless certain notice requirements were not met pursuant to Tennessee Code Annotated section 67-5-508. *See* Tenn. Code Ann. § 67-5-1412(b)(1) ("The taxpayer or owner must first make complaint and appeal to the local board of equalization unless the taxpayer or owner has not been duly notified by the assessor of property of an increase in the taxpayer's or owner's assessment or change in classification as provided for in § 67-5-508."). Section 67-5-508 in turn provides that the taxpayer is entitled to certain statutory notice of changes in assessment or assessed valuation of the taxpayer's property:

> [A]t least ten (10) calendar days before the local board of equalization commences its annual session, the assessor or the assessor's deputy shall notify, or cause to be notified, each taxpayer of any change in the classification or assessed valuation of the taxpayer's property. Such notification shall be sent by United States mail, addressed to the last known address of the taxpayer, and shall be effective when mailed. The notification shall show the previous year's assessment and classification and the current year's assessment and classification.

Tenn. Code Ann. § 67-5-508(a)(3). There is no dispute in this case that Appellant sought an appeal directly to the SBOE, apparently in reliance on section 67-5-1412(b)(1).

Where a direct appeal to the state board of equalization is sought, section 67-5-1412 provides that such appeal "must be filed before August 1 of the tax year." Tenn. Code Ann. § 67-5-1412(b)(2) (describing other limitations that apply to appeals to the local

board). It does not appear, however, that the August 1 date is always applicable, particularly where notice is not provided under section 67-5-508. First, section 67-5-508 clearly states that in the event the assessor "shall fail to . . . notify any taxpayer of a change in the classification or assessed valuation . . . an aggrieved property owner shall have the right to appeal directly to the state board of equalization at its next regular session[.]" Tenn. Code Ann. § 67-5-508(b)(2). Likewise, section 67-5-1412(e) provides an extension of the time to challenge an assessment where section 67-5-508 was not complied with:

> If notice of an assessment or classification change pursuant to § 67-5-508 was sent to the taxpayer's last known address later than ten (10) days before the adjournment of the local board of equalization, the taxpayer may appeal directly to the state board at any time within forty-five (45) days after the notice was sent. If notice was not sent, the taxpayer may appeal directly to the state board at any time within forty-five (45) days after the tax billing date for the assessment. The taxpayer has the right to a hearing and determination to show reasonable cause for the taxpayer's failure to file an appeal as provided in this section and, upon demonstrating such reasonable cause, the board shall accept such appeal from the taxpayer up to March 1 of the year subsequent to the year in which the time for appeal to the state board began to run.

Tenn. Code Ann. § 67-5-1412(e).

Appeal to the SBOE is not the taxpayer's final recourse. Rather, following a final judgment from the SBOE, the taxpayer may seek judicial review:

> (a) The action of the state board of equalization shall be final and conclusive as to all matters passed upon by the board, subject to judicial review, and taxes shall be collected upon the assessments determined and fixed by the board. Judicial review shall not be available as to exemptions requiring application to the state board of equalization under part 2 of this chapter, or as to the proper value, assessment or classification of property, unless the petitioner has first obtained a ruling on the merits from the board or an administrative judge sitting for the board concerning the exempt status, proper value, assessment or classification of the property.
> (b) The judicial review provided in subsection (a) shall consist of a new hearing in the chancery court based upon the administrative record and any additional or supplemental evidence which either party wishes to adduce relevant to any issue. The petition for review may be filed in the chancery court of the county where the disputed assessment was made or in the chancery court of Davidson, Washington, Knox, Hamilton, Madison or Shelby County, whichever county is closest in mileage to the situs of such

property. If the situs of the property is in Knox, Hamilton or Shelby County, then the petition for review may alternatively be filed in Davidson County at the election of the petitioner.

Tenn. Code Ann. § 67-5-1511; *see also* 2008 Tenn. Laws Pub. Ch. 680 (S.B. 3942) (adding the above language).[2] Thus, judicial review concerning "proper value, assessment or classification of property" may only be had once the petitioning taxpayer first obtains a ruling on the merits from the SBOE. Tenn. Code Ann. § 67-5-1511(a). At that time, the taxpayer may seek judicial review of the SBOE's decision in chancery court. Tenn. Code Ann. § 67-5-1511(b).

This Court has previously held that judicial review implicates the Tennessee Uniform Administrative Procedures Act ("UAPA"). *See Spring Hill, L.P. v. Tennessee State Bd. of Equalization*, No. M2001-02683-COA-R3-CV, 2003 WL 23099679, at *4 (Tenn. Ct. App. Dec. 31, 2003) ("[J]udicial review of a Board of Equalization decision clearly falls under the Uniform Administrative Procedures Act[.]"); *Richardson v. Tennessee Assessment Appeals Comm'n*, 828 S.W.2d 403, 405 (Tenn. Ct. App. 1991) (applying the UAPA to an action under section 67-5-1511). Under the UAPA, "a person who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter, which shall be the only available method of judicial review." Tenn. Code Ann. § 4-5-322(a)(1). Notably, "petitions seeking judicial review shall be filed within sixty (60) days after the entry of the agency's final order thereon." Tenn. Code Ann. § 4-5-322(b)(1)(A)(iv). Where, however, judicial review is sought over an agency's decision declining to convene a contested case hearing and issue a declaratory order, "the petitioner is not subject to the sixty-day statute of limitations established by [] section 4-5-322(b)(1)." *Hughley v. State*, 208 S.W.3d 388, 390 (Tenn. 2006) (citing Tenn. Code Ann. § 4-5-322). In that situation, unless the petitioner is seeking the same relief offered in another statutory proceeding, the general ten-year statute of limitations applies to the action for a declaratory judgment. *Id.* at 395. Such an action, however, must be filed in the Davidson County Chancery Court. *See* Tenn. Code Ann. § 4-5-225(a).

Although not raised by the parties, these statutes lead this Court to question whether the trial court, the Shelby County Circuit Court, had subject matter jurisdiction

---

[2] In 1997, the Tennessee Supreme Court, in deciding an SBOE appeal case, held that "exhaustion is not statutorily required unless the statute by its plain words requires it." *Thomas v. State Bd. of Equalization*, 940 S.W.2d 563, 566 (Tenn. 1997) (citation omitted). *Thomas* was based upon the premise that the language of section 67-5-1511, at that time, was "worded permissively," meaning that exhaustion of administrative remedies with the appeals commission was "clearly discretionary." *Id.* at 566. Section 67-5-1511, however, as amended in 2008, now appears to satisfy the "plain words" requirement in *Thomas*. No party has raised exhaustion of administrative remedies as an issue in this appeal. In our view, the plain language of Tenn. Code Ann. section 67-5-1511 now clearly demands exhaustion of administrative remedies with the SBOE before judicial review is available.

over this dispute.[3] A challenge to a court's subject matter jurisdiction calls into question "the court's 'lawful authority to adjudicate a controversy brought before it,' and, therefore, should be viewed as a threshold inquiry." ***Redwing v. Catholic Bishop for Diocese of Memphis***, 363 S.W.3d 436, 445 (Tenn. 2012) (internal citation omitted) (citing ***Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000); ***Schmidt v. Catholic Diocese of Biloxi***, 2008-CA-00416-SCT (¶ 13), 18 So.3d 814, 821 (Miss. 2009)). "Whenever subject matter jurisdiction is challenged, the burden is on the plaintiff to demonstrate that the court has jurisdiction to adjudicate the claim." ***Id.*** (citing ***Staats v. McKinnon***, 206 S.W.3d 532, 543 (Tenn. Ct. App. 2006)). "The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated." ***Dishmon v. Shelby State Cmty. Coll.***, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (citing Tenn. R. Civ. P. 12.08). "Subject matter jurisdiction depends on the nature of the cause of action and the relief sought, and can only be conferred on a court by the constitution or a legislative act." ***Chapman v. DaVita, Inc.***, 380 S.W.3d 710, 712 (Tenn. 2012) (internal citation omitted) (citing ***Landers v. Jones***, 872 S.W.2d 674, 675 (Tenn. 1994); ***Kane v. Kane***, 547 S.W.2d 559, 560 (Tenn. 1977)). The question of whether a court possesses subject matter jurisdiction is an issue of law. ***Id.*** at 712–13.

Here, Appellant filed this action in the nature of a declaratory judgment action, but did not file his petition in Davidson County Chancery Court as required by section 4-5-225(a). Moreover, at the time that Appellant filed the instant lawsuit, it cannot fairly be said that the SBOE ever declined to convene a contested case and issue a sought-after declaratory order, rendering the procedure under section 4-5-225(a) largely inapplicable. Indeed, Appellant's first SBOE direct appeal was voluntarily dismissed, and his second direct SBOE appeal had not even been filed at the time the instant action was filed. Finally, section 4-5-225 is not cited in Appellant's petition.[4] As such, it does not appear appropriate to apply section 4-5-225 in this case.

In our view, section 67-5-1511 provides the appropriate procedure for adjudication of this case. Here, the underlying basis of Appellant's petition was the classification and valuation of his interest in property for property tax purposes. Section 67-5-1511 makes clear that no judicial review may be sought regarding the classification or valuation of property without first obtaining a final order from the SBOE. Tenn. Code Ann. § 67-5-

---

[3] We note that the Respondents pointed out in their motion to dismiss and/or motion for summary judgment that Appellant failed to seek review in the chancery court of Shelby County or Davidson County. Respondents did not, however, argue that the circuit court lacked subject matter jurisdiction, nor did they raise this issue on appeal. Because subject-matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived, ***Meighan v. U.S. Sprint Communications Co.***, 924 S.W.2d 632, 639 (Tenn. 1996), this Court may raise issues of subject-matter jurisdiction *sua sponte*. Tenn. R. App. P. 13(b); ***Morrow v. Bobbitt***, 943 S.W.2d 384, 392 (Tenn. Ct. App. 1996).

[4] Instead, Appellant cited the general declaratory judgment action statutes, Tennessee Code Annotated section 29-14-101, *et. seq.* As previously discussed, however, the UAPA is the proper vehicle for actions involving challenges to property tax classifications and assessments. *See **Richardson***, 828 S.W.2d at 405.

1511(a). Moreover, the trial court dismissed Appellant's petition because his SBOE appeals were untimely. Clearly, these issues fall squarely within the auspices of section 67-5-1511(a). As such, section 67-5-1511(b) clearly provides that any judicial review is to chancery court.[5] The trial court therefore lacked jurisdiction to adjudicate Appellant's petition. We must therefore vacate the judgment of the trial court without reaching the merits of this appeal. *See Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) ("When an appellate court determines that a trial court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal.").

> The trial court's lack of jurisdiction is not, however, fatal to Appellant's case: Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action, an appeal from the judgment of a court of general sessions, or a petition for review of a final decision in a contested case under the Uniform Administrative Procedures Act, compiled in title 4, chapter 5, is filed in a state or county court of record or a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer the action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed. Upon such a transfer, the action or appeal shall proceed as if it had been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.

Tenn. Code Ann. § 16-11-116. We therefore vacate the trial court's judgment and remand to the trial court with instructions to transfer this matter to Shelby County Chancery Court.

### Conclusion

---

[5] Our review of the cases citing section 67-5-1511 reveals no Tennessee cases in which appeal of an SBOE decision was brought in circuit court rather than chancery court. *See, e.g.*, *Nissan North America, Inc. v. Haislip*, 155 S.W.3d 104 (Tenn. Ct. App. 2004) (involving an appeal from chancery court); *Maury Cty. ex. rel. Maury Reg'l Hosp. v. Tenn. State Bd. of Equalization*, 117 S.W.3d 779 (Tenn. Ct. App. 2003) (same); *Batson East-Land Co. v. Boyd*, 4 S.W.3d 185 (Tenn. Ct. App. 1998) (same); *Vanderbilt Univ. v. Tenn. State Bd. of Equalization*, No. M2014-01386-COA-R3-CV, 2015 WL 1870194 (Tenn. Ct. App. Apr. 22, 2015) (same). Nor do any Tennessee cases citing section 67-5-1412 suggest that chancery court is not the correct court in which to challenge the valuation or classification of property for property tax purposes. *See, e.g., Christ Church Pentecostal v. Tenn. State Bd. of Equalization,* 428 S.W.3d 800 (Tenn. Ct. App. 2008) (involving an appeal from chancery court); *Sunnycrest Apartments v. Gaines*, No. E2001-00885-COA-R3-CV, 2001 WL 1627609 (Tenn. Ct. App. Dec. 19, 2001) (same); *Mall of Memphis Assoc's v. Tenn. State Bd. of Equalization*, No. 106118-3, 1997 WL 436222 (Tenn. Ct. App. Aug. 1, 1997) (same).

The judgment of the Shelby County Circuit Court is vacated and this cause is remanded to the trial court with instructions to transfer this matter to Shelby County Chancery Court. Costs of this appeal are taxed to Appellant, 109 Madison Properties L.L.C., for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE